IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| CYNTHIA B. SCOTT, BOBINETTE D. FEARCE, ) | |
| PATRICIA KNIGHT, MARGUERITE ) | |
| RICHARDSON, and REBECCA L. SCOTT, ) | |
| Prisoners residing at FLUVANNA ) | |
| CORRECTIONAL CENTER FOR WOMEN, ) | |
| Individually, and on behalf of all others ) | |
| similarly situated, ) | |
| ) | |
|              Plaintiffs, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | Civil Action No.3:12cv36 |
| ) | |
| HAROLD W. CLARKE, Director, ) | |
| VIRGINIA DEPARTMENT OF CORRECTIONS, ) | |
| et al., ) | |
| ) | |
|              Defendants. ) | |

**DEFENDANT ARMOR CORRECTIONAL HEALTH SERVICES,
INCORPORATED'S ANSWER TO PLAINTIFFS' COMPLAINT**

COMES NOW Defendant Armor Correctional Health Services, Incorporated, by

counsel, and submits the following as its Answer to the Plaintiffs' Complaint for

Declaratory and Injunctive Relief:

**NATURE OF THE CASE**

1.      The allegations in Paragraph 1 of the Complaint call for a legal conclusion

and therefore, no response is required.  To the extent any response may be required, this

Defendant denies them.

2.      The allegations in Paragraph 2 of the Complaint call for a legal conclusion

and therefore, no response is required.  To the extent any response may be required, this

Defendant denies that it or its agents and employees violated 42 U.S.C. § 1983 or any other constitutional or statutory provisions.

## JURISDICTION AND VENUE

3.      The allegations in Paragraph 3 of the Plaintiff's Amended Complaint call for a legal conclusion and therefore, no response is required.   To the extent any response may be required, these allegations are denied.

4.      The allegations in Paragraph 4 of the Plaintiff's Amended Complaint call for a legal conclusion and therefore, no response is required.   To the extent any response may be required, these allegations are denied.

## PARTIES

A.      **Plaintiffs**

5.      This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 5 of the Plaintiffs' Complaint and therefore they are denied.

6.      This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 6 of the Plaintiffs' Complaint and therefore they are denied.

7.      This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 7 of the Plaintiffs' Complaint and therefore they are denied.

8.      This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 8 of the Plaintiffs' Complaint and therefore they are denied.

9.      This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 9 of the Plaintiffs' Complaint and therefore they are denied.

**B.      <u>Defendants</u>**

10.      This Defendant admits that Defendant Harold W. Clarke is the Director of the Virginia Department of Corrections.   The remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint contain legal conclusions and therefore, no response is required.   To the extent any response may be required, these allegations are denied.

11.      This Defendant admits, upon information and belief, that A. David Robinson is the Chief of Corrections Operations of VDOC.   This Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 11 of the Plaintiffs' Complaint and therefore they are denied.

12.      This Defendant admits, upon information and belief, the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.      This Defendant admits, upon information and belief, the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.      This Defendant admits that Armor Correctional Health Services, Incorporated ("Armor"), is a for-profit corporation organized and existing under the laws of the State of Florida and maintaining its principle place of business in Miami, Florida.

This Defendant further admits that Armor assumed the contract with the Virginia Department of Corrections on or about November 1, 2011, to provide medical and mental health services to prisoners at certain VDOC facilities to include Fluvanna Correctional Center for Women ("FCCW") and that Corizon Health, Incorporated, formally known as PHS Correctional Healthcare, previously provided these services under contract with the VDOC.  This Defendant denies that it provides dental services at VDOC facilities such as FCCW.

15.     To the extent that the allegations contained in Paragraph 15 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

16.     Upon information and belief, the allegations contained in Paragraph 16 of Plaintiffs' Complaint are admitted.

17.     The allegations in Paragraph 17 of the Complaint call for a legal conclusion and therefore, no response is required.  To the extent any response may be required, this Defendant denies them.

## FACTUAL BACKGROUND

### A.     FCCW And Its Medical Services

18.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 18 of the Plaintiffs' Complaint and therefore they are denied.

19.     Upon information and belief, the allegations contained in Paragraph 19 of Plaintiffs' Complaint are admitted.

20.     This Defendant admits that, upon information at belief, that jail officers perform the initial intake of arriving prisoners.  Further, this defendant admits that the

medical personnel at FCCW perform their duties within the scope of their training and licensure, if applicable, and under the direction and supervision of a medical doctor. With respect to the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint, they are denied.

21.     This Defendant admits that nurses staff sick call at FCCW and that the sick call process allows prisoners to request to be evaluated for medical complaints and that prisoners are charged a $5.00 co-pay for such visits. With respect to the remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint, they are denied.

22.     To the extent that the allegations contained in Paragraph 22 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

23.     This Defendant admits that inmates can request care on an emergency basis by submitting a request. With respect to the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint, they are denied.

24.     This Defendant admits that nursing staff at FCCW distribute medication to prisoners during scheduled "Pill Line" which is scheduled in conjunction with established meal times. With respect to the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint, they are denied.

**B.     The Named Plaintiffs' Individual Medical Issues and Claims**

25.     This Defendant admits, upon information and belief, that Cynthia Scott suffers from asthma and other medical conditions as reflected in the medical records. To the extent that the remaining allegations contained in Paragraph 25 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

26.     This Defendant admits, upon information and belief, that Cynthia Scott was seen at Sick Call with complaints of cough, malaise, and lack of appetite as reflected in the medical records.  To the extent that the remaining allegations contained in Paragraph 26 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

27.     To the extent that the allegations contained in Paragraph 27 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

28.     To the extent that the allegations contained in Paragraph 28 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

29.     This Defendant admits that on June 14, 2010, Dr. Remaly ordered a chest x-ray for Cynthia Scott and referred her to the University of Virginia Medical Center for tests as reflected in the medical records.  To the extent that the remaining allegations contained in Paragraph 29 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

30.     This Defendant admits that Cynthia Scott was seen by a pulmonologist (not oncologist) who prescribed prednisone as reflected in the medical records. To the extent that the remaining allegations contained in Paragraph 30 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

31.     To the extent that the allegations contained in Paragraph 31 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

32.     To the extent that the allegations contained in Paragraph 32 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

33.     This Defendant admits that Cynthia Scott was seen for follow-up with the UVA Pulmonology Clinic on December 16, 2010 as reflected in the medical records.  To the extent that the remaining allegations contained in Paragraph 33 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

34.     To the extent that the allegations contained in Paragraph 34 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

35.     To the extent that the allegations contained in Paragraph 35 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

36.     To the extent that the allegations contained in Paragraph 36 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

37.     This Defendant admits that Cynthia Scott continued to have swelling in her leg and submitted sick call requests as reflected in the medical records.  To the extent that the remaining allegations contained in Paragraph 37 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

38.     This Defendant admits that Cynthia Scott was seen on May 2, 2012 by Dr. MacDonald for leg edema and was diagnosed with venous insufficiency and told to wear support hose previously provided as reflected in the medical records.  To the extent that the remaining allegations contained in Paragraph 38 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

39.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 39 of the Plaintiffs' Complaint and therefore they are denied.

40.     This Defendant admits that Cynthia Scott was seen by Dr. Remaly on May 3, 2012 and ordered to undergo an ultrasound of her leg as reflected in the medical records.  To the extent that the remaining allegations contained in Paragraph 40 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

41.     This Defendant admits that on May 10, 2012, an ultrasound was performed by UVA revealing a clot in Cynthia Scott's left femoral vein and Cynthia Scott was diagnosed with deep vein thrombosis as reflected in the medical records.  To the extent that the remaining allegations contained in Paragraph 41 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

42.     This Defendant admits that Cynthia Scott was prescribed Levenox and Coumadin as reflected in the medical records.  To the extent that the remaining allegations contained in Paragraph 42 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

43.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 43 of the Plaintiffs' Complaint and therefore they are denied.

44.     This Defendant admits that Cynthia Scott received Levenox injections for treatment of her medical condition.  To the extent that the remaining allegations contained in Paragraph 44 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

45.     To the extent that the allegations contained in Paragraph 45 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

46.     This Defendant admits that Bobinette Fearce had a cervical discectomy and fusion on January 17, 2001 by a neurosurgeon at the University of Virginia Medical Center as reflected in the medical records. To the extent that the remaining allegations contained in Paragraph 46 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

47.     This Defendant admits the allegations contained in Paragraph 47 of Plaintiffs' Complaint to the extent they are consistent with the medical records.

48.     This Defendant admits the allegations contained in Paragraph 48 of Plaintiffs' Complaint to the extent that they are consist with the medical records.

49.     This Defendant admits that Bobinette Fearce was prescribed conservative treatment for her bilateral carpal tunnel syndrome as reflected in the medical records. To the extent that the remaining allegations contained in Paragraph 49 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

50.     This Defendant admits that Bobinette Fearce reported continuing pain in her arms and wrists as reflected in the medical records. To the extent that the remaining allegations contained in Paragraph 50 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

51.     This Defendant admits that Bobinette Fearce received steroid injections to treat her symptoms in August 2009. To the extent that the remaining allegations contained in Paragraph 51 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

52.     To the extent that the allegations contained in Paragraph 52 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

53. To the extent that the allegations contained in Paragraph 53 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

54. This Defendant admits that Bobinette Fearce reported chronic bladder problems and incontinence and was evaluated at the University of Virginia Medical Center. To the extent that the remaining allegations contained in Paragraph 54 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

55. This Defendant admits that medical profiles were issued for Bobinette Fearce. To the extent that the remaining allegations contained in Paragraph 55 of the Plaintiffs' Complaint are inconsistent with the medical records, they are denied.

56. To the extent that the allegations contained in Paragraph 56 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

57. This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 57 of the Plaintiffs' Complaint and therefore they are denied.

58. To the extent that the allegations contained in Paragraph 58 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

59. This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 59 of the Plaintiffs' Complaint and therefore they are denied.

60. Upon information and belief, this Defendant admits the allegations contained in Paragraph 60 of Plaintiffs' Complaint only to the extent that they are consistent with the medical records.

61.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 61 of the Plaintiffs' Complaint and therefore they are denied.

62.     Upon information and belief, this Defendant admits the allegations contained in Paragraph 62 of Plaintiffs' Complaint only to the extent that they are consistent with the medical records.

63.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 63 of the Plaintiffs' Complaint and therefore they are denied.

64.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 64 of the Plaintiffs' Complaint and therefore they are denied.

65.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 65 of the Plaintiffs' Complaint and therefore they are denied.

66.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 66 of the Plaintiffs' Complaint and therefore they are denied.

67.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 67 of the Plaintiffs' Complaint and therefore they are denied.

68.     To the extent that the allegations contained in Paragraph 68 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

69.     To the extent that the allegations contained in Paragraph 69 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

70.     This Defendant admits that Patricia Knight was transferred to FCCW in 2006.  This Defendant denies the remaining allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.     To the extent that the allegations contained in Paragraph 71 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

72.     To the extent that the allegations contained in Paragraph 72 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

73.     To the extent that the allegations contained in Paragraph 73 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

74.     To the extent that the allegations contained in Paragraph 74 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

75.     To the extent that the allegations contained in Paragraph 75 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

76.     To the extent that the allegations contained in Paragraph 76 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

77.     To the extent that the allegations contained in Paragraph 77 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

78.     To the extent that the allegations contained in Paragraph 78 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

79.     This Defendant admits that Marguerite Richardson was placed on Lasix, which is a diuretic, as reflected in the medical records.  This Defendant has insufficient

information with which to admit or deny the remaining allegations contained in Paragraph 79 of Plaintiffs' Complaint and therefore they are denied.

80. This Defendant admits that Marguerite Richardson has requested medical profiles from FCCW Medical Staff as reflected in the medical records. This Defendant has insufficient information with which to admit or deny the remaining allegations contained in Paragraph 80 of Plaintiffs' Complaint and therefore they are denied.

81. This Defendant admits that Marguerite Richardson has been counseled on Hepatitis C virus and seen in the Chronic Care Clinic at FCCW multiple times since 2005 as reflected in the medical records. With respect to the remaining allegations contained in Paragraph 81 of Plaintiffs' Complaint, they are denied.

82. This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 82 of the Plaintiffs' Complaint and therefore they are denied.

83. This Defendant admits that Marguerite Richardson has complained of back pain, was evaluated and provided treatment of these complaints multiple times while incarcerated at FCCW as reflected in the medical records. This Defendant has insufficient information with which to admit or deny the remaining allegations contained in Paragraph 83 of Plaintiffs' Complaint and therefore they are denied.

84. This Defendant admits that Marguerite Richardson was evaluated on April 29, 2011 for ulcers and treated with appropriate antibiotics as reflected in the medical records. This Defendant further admits that these ulcers periodically resolved and returned after several months also as reflected in the medical records.

85.     This Defendant admits that Marguerite Richardson was evaluated by medical staff in January 2012 as reflected in the medical records.  With respect to the remaining allegations contained in Paragraph 85 of Plaintiffs' Complaint, they are denied.

86.     This Defendant admits that Marguerite Richardson was evaluated for lower leg and foot pain.  With respect to the remaining allegations contained in Paragraph 86 of Plaintiffs' Complaint, they are denied.

87.     To the extent that the allegations contained in Paragraph 87 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

88.     To the extent that the allegations contained in Paragraph 88 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

89.     This Defendant admits the allegations contained in Paragraph 89 of Plaintiffs' Complaint only to the extent they are consistent with the medical records.

90.     This Defendant admits that Rebecca Scott has previously been seen and evaluated for problems regarding her toenail as reflected in the medical records.  With respect to the remaining allegations contained in Paragraph 90 of Plaintiffs' Complaint, they are denied.

91.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 91 of the Plaintiffs' Complaint and therefore they are denied.

92.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 92 of the Plaintiffs' Complaint and therefore they are denied.

93.     To the extent that the allegations contained in Paragraph 93 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

94.     To the extent that the allegations contained in Paragraph 94 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

95.     To the extent that the allegations contained in Paragraph 95 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

96.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 96 of the Plaintiffs' Complaint and therefore they are denied.

97.     To the extent that the allegations contained in Paragraph 97 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

98.     This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 98 of the Plaintiffs' Complaint and therefore they are denied.

99.     To the extent that the allegations contained in Paragraph 99 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

C.     **FCCW'S Systemic Failure to Provide Constitutionally-Adequate Medical Care**

100.     This Defendant incorporates by reference, as though fully restated herein, the answers set forth in Paragraph 1 through 99 above.

101.     To the extent that the allegations contained in Paragraph 101 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

102.     To the extent that the allegations contained in Paragraph 102 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

103.    The allegations contained in Paragraph 103 of Plaintiffs' Complaint are directed to another defendant and therefore no response is required.  To the extent one is deemed to be required by this Defendant, these allegations are denied.

104.    The allegations contained in Paragraph 104 of Plaintiffs' Complaint are directed to another defendant and therefore no response is required.  To the extent one is deemed to be required by this Defendant, these allegations are denied.

105.    The allegations contained in Paragraph 105 of Plaintiffs' Complaint are directed to another defendant and therefore no response is required.  To the extent one is deemed to be required by this Defendant, these allegations are denied.

### 1.    Deviations From The Appropriate Standard Of Care Based On Cost Considerations

#### (a)    Deficient Sick Call Process

106.    To the extent that the allegations contained in Paragraph 106 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

107.    To the extent that the allegations contained in Paragraph 107 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

108.    To the extent that the allegations contained in Paragraph 108 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

109.    To the extent that the allegations contained in Paragraph 109 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

#### (b)    Failure/Refusal To Acknowledge, Examine, Diagnose And Treat Serious Or Potentially Serious Prisoner Medical Problems

110.    To the extent that the allegations contained in Paragraph 110 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

111.    To the extent that the allegations contained in Paragraph 111 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

112.    To the extent that the allegations contained in Paragraph 112 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

113.    To the extent that the allegations contained in Paragraph 113 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

**(c)**     <u>**Failure/Refusal To Refer Prisoners For Needed Specialized Care**</u>

114.     To the extent that the allegations contained in Paragraph 114 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

115.    To the extent that the allegations contained in Paragraph 115 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

116.    To the extent that the allegations contained in Paragraph 116 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

**(d)**     <u>**Failure/Refusal To Carry Out Specialists' Prescribed Courses of Treatment**</u>

117.    To the extent that the allegations contained in Paragraph 117 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

118.    To the extent that the allegations contained in Paragraph 118 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

119.    To the extent that the allegations contained in Paragraph 119 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

120.    To the extent that the allegations contained in Paragraph 120 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

121.    To the extent that the allegations contained in Paragraph 121 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

122.    To the extent that the allegations contained in Paragraph 122 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

(e)    **Failure/Refusal to Provide Prisoners With Effective Medication For Severe, Chronic Pain**

123.    To the extent that the allegations contained in Paragraph 123 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

124.    To the extent that the allegations contained in Paragraph 124 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

125.    To the extent that the allegations contained in Paragraph 125 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

126.    To the extent that the allegations contained in Paragraph 126 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

2.    **Deviations From The Appropriate Standard Of Care Based Upon Non-Medical "Security" Considerations**

127.    To the extent that the allegations contained in Paragraph 127 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

128.    To the extent that the allegations contained in Paragraph 128 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

129.    To the extent that the allegations contained in Paragraph 129 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

130.    To the extent that the allegations contained in Paragraph 130 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

3. **Unnecessary And Preventable Fatalities Attributable To FCCW's Systemic Failure To Provide Constitutionally-Adequate Medical Care Have Already Occurred And Will Continue To Occur**

131. To the extent that the allegations contained in Paragraph 131 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

132. This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 132 of the Plaintiffs' Complaint and therefore they are denied.

133. This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 133 of the Plaintiffs' Complaint and therefore they are denied.

134. This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 134 of the Plaintiffs' Complaint and therefore they are denied.

135. This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 135 of the Plaintiffs' Complaint and therefore they are denied.

136. This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 136 of the Plaintiffs' Complaint and therefore they are denied.

137. This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 137 of the Plaintiffs' Complaint and therefore they are denied.

138.    This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 138 of the Plaintiffs' Complaint and therefore they are denied.

139.    This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 139 of the Plaintiffs' Complaint and therefore they are denied.

140.    This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 140 of the Plaintiffs' Complaint and therefore they are denied.

141.    This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 141 of the Plaintiffs' Complaint and therefore they are denied.

142.    This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 142 of the Plaintiffs' Complaint and therefore they are denied.

143.    This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 143 of the Plaintiffs' Complaint and therefore they are denied.

144.    This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 144 of the Plaintiffs' Complaint and therefore they are denied.

145.    This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 145 of the Plaintiffs' Complaint and therefore they are denied.

## CLASS ACTION ALLEGATIONS

146.    The allegations in Paragraph 146 of the Complaint call for a legal conclusion and therefore, no response is required.  To the extent any response may be required, this Defendant denies them.

147.    The allegations in Paragraph 147 of the Complaint call for a legal conclusion and therefore, no response is required.  To the extent any response may be required, this Defendant denies them.

148.    The allegations in Paragraph 148 of the Complaint call for a legal conclusion and therefore, no response is required.  To the extent any response may be required, this Defendant denies them.

149.    The allegations in Paragraph 149 of the Complaint call for a legal conclusion and therefore, no response is required.  To the extent any response may be required, this Defendant denies them.

150.    The allegations in Paragraph 150 of the Complaint call for a legal conclusion and therefore, no response is required.  To the extent any response may be required, this Defendant denies them.

151.    The allegations in Paragraph 151 of the Complaint call for a legal conclusion and therefore, no response is required.  To the extent any response may be required, this Defendant denies them.

152.     The allegations in Paragraph 152 of the Complaint call for a legal conclusion and therefore, no response is required.  To the extent any response may be required, this Defendant denies them.

## CLAIM FOR RELIEF
## (Declaratory And Injunctive Relief Pursuant To the Eighth Amendment to the U.S. Constitution and 42 U.S.C. § 1983

153.     This Defendant incorporates by reference, as though fully restated herein, the answers set forth in Paragraph 19 through 152 above.

154.     To the extent that the allegations contained in Paragraph 154 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

155.     To the extent that the allegations contained in Paragraph 155 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

156.     To the extent that the allegations contained in Paragraph 156 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

157.     To the extent that the allegations contained in Paragraph 157 of Plaintiffs' Complaint pertain to this Defendant, they are denied.

## PRAYER FOR RELIEF

158.     The allegations contained in subsection (a) through (g) of Plaintiffs' Prayer for Relief' in Plaintiffs' Complaint contain legal conclusions and therefore no response is required.  To the extent a response is deemed required of this Defendant, they are denied.

159.     All allegations not specifically admitted herein are denied.

160.     Trial by jury is requested.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

This Defendant denies that the present action is cognizable under 42 U.S.C. § 1983.

## SECOND DEFENSE

This Defendant denies that it has denied the Plaintiffs any rights protected by the United States Constitution or any portion of the United States Code.

## THIRD DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

This Defendant denies that the Plaintiffs have suffered any cognizable injury or damages as a result of any acts or omissions on the part of this Defendant.

## FIFTH DEFENSE

This Defendant avers that, to the extent that the Plaintiff have suffered any injuries or damages, such injuries or damages were due to an act or acts by the Plaintiffs, or on the part of others not under the control of this Defendant.  This defense includes the Defendant's lack of vicarious liability under 42 U.S.C. § 1983 for the actions of any agents.

## SIXTH DEFENSE

This Defendant denies that it is indebted to or liable to the plaintiffs in any amount for any reason.  It also denies that the Plaintiffs have suffered the injuries or damages alleged and call for strict proof thereof.

## SEVENTH DEFENSE

This Defendant is entitled to good faith or qualified immunity.

23

## EIGHTH DEFENSE

This Defendant avers that the Plaintiffs have not exhausted their administrative remedies for the issues raised in this matter.  Specifically, they have failed to grieve the issues which form the basis of his Complaint.

## NINTH DEFENSE

This Defendant avers that the Plaintiffs cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and therefore the proposed class action should not be certified.  In support of this defense, this Defendant will likely file a Memorandum in Opposition to Plaintiff's Motion for Class Certification.

## TENTH DEFENSE

This Defendant reserves the right to assert all applicable affirmative defenses, including, but not limited to, the statute of limitations, assumption of the risk, contributory negligence, and/or failure to mitigate damages to the extent that such defenses may be supported by further investigation, discovery, and/or evidence at the trial of this matter.

## ELEVENTH DEFENSE

This Defendant reserves the right to expand, alter, enlarge, or amend its Answer and/or assert affirmative defenses at such time as additional information comes to its attention during the discovery process or at the trial of this action.

RESPECTFULLY SUBMITTED,

ARMOR CORRECTIONAL HEALTH,
INCORPORATED


_____/s/_____
Elizabeth M. Muldowney
VSB #46387
RAWLS, MCNELIS & MITCHELL, PC
*Attorney for Defendant Armor Correctional
Health, Incorporated*
211 Rocketts Way, Suite 100
Richmond, Virginia 23231
804-344-0038
804-782-0133 (Fax)
EMuldowney@rawlsmcnelis.com

## Certificate of Service

I hereby certify that on the 21st day of August, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

**Abigail Turner**
Legal Aid Justice Center
1000 Preston Avenue., Suite A
Charlottesville, VA 22903
434-977-0553 x 138
Fax: 434-977-0558
Email: abigail@justice4all.org

**Alex Ross Gulotta**
Legal Aid Justice Center
1000 Preston Avenue., Suite A
Charlottesville, VA 22903
434-977-0553
Fax: 977-0558
Email: alex@justice4all.org

**Brenda Erin Castaneda**
Legal Aid Justice Center
1000 Preston Avenue., Suite A
Charlottesville, VA 22903
434-977-0553
Fax: 977-0558
Email: brenda@justice4all.org

**John Michael Parsons**
Commonwealth of Virginia
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
804-786-8115
Fax: 804-786-4239
Email: jparsons@oag.state.va.us

**James Milburn Isaacs , Jr.**
Commonwealth of Virginia
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
804-786-0030
Fax: 804-786-4239
Email: jisaacs@oag.state.va.us

**Kate Elizabeth Dwyre**
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
804-786-5630
Fax: 804-786-4239
Email: kdwyre@oag.state.va.us

_____/s/_____
Elizabeth M. Muldowney
VSB #46387
RAWLS, MCNELIS & MITCHELL, PC
*Attorney for Defendant Armor Correctional*
*Health, Incorporated*
211 Rocketts Way, Suite 100
Richmond, Virginia 23231
804-344-0038
804-782-0133 (Fax)
EMuldowney@rawlsmcnelis.com