IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CYNTHIA B. SCOTT, ET AL., *Plaintiffs*, v. HAROLD W. CLARKE, ET AL., *Defendants*. | CIVIL ACTION NO. 3:12-CV-00036 **MEMORANDUM OPINION** NORMAN K. MOON UNITED STATES DISTRICT JUDGE |

Plaintiffs, all prisoners residing at Fluvanna Correctional Center for Women ("FCCW"), filed an action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated Plaintiffs' constitutional rights under the Eighth Amendment to be free from cruel and unusual punishment. Plaintiffs assert that FCCW fails to provide adequate medical care and that Defendants are deliberately indifferent to this failure. Plaintiffs request a declaratory judgment and preliminary and permanent injunctions ordering FCCW to provide adequate medical care to Plaintiffs and all other similarly situated women residing at FCCW.

FCCW is a facility of the Commonwealth of Virginia Department of Corrections (the "VDOC"). Most of the individual Defendants are VDOC employees who are being sued in their official capacities, and on December 11, 2012, I denied the individual state employees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] On February 6, 2013,

---

[1] The individual state employee Defendants are Harold W. Clarke, the Director of the Virginia Department of Corrections (the "VDOC"); David Robinson, VDOC's Chief of Corrections Operations; Frederick Schilling, VDOC's Director of Health Services; and Phyllis A. Baskerville, the Warden at Fluvanna Correctional Center for Women ("FCCW"). The original complaint named "John/Jane Doe, M.D., *Acting Medical Director, Fluvanna Correctional Center for Women*," and the amended complaint named "Paul C. Ohai, *M.D., Medical Director, Fluvanna Correctional Center for Women*." The medical director was not a party to the individual state employee Defendants' motion to dismiss.

Plaintiffs' motion for leave to file an amended complaint was granted, and an amended complaint was filed.[2]

On July 15, 2013, Plaintiffs were granted leave to file a second amended complaint. The second amended complaint recognized the VDOC's transfer of responsibility, on or about May 1, 2013, for medical care services at FCCW from Armor Correctional Health Services, Inc. ("Armor") to Corizon Health, Inc. ("Corizon"). The second amended complaint names as defendants Corizon and Mark Militana, M.D., Corizon's on-site Medical Director at FCCW.

Armor filed a motion to dismiss, arguing that, because Armor's contract with VDOC had expired and that Corizon (which had formerly been the contractual provider of medical services at FCCW during part of the time covered in Plaintiffs' complaint and amended complaints) had assumed the contract to provide medical services at FCCW, Plaintiffs' claims for injunctive and declaratory relief against Armor should be denied as moot. I granted Armor's motion to dismiss.

Dr. Militana has now filed a motion to dismiss the second amended complaint, arguing that it "only identif[ies] him as the Medical Director at FCCW since on or after May 1, 2013," and "make[s] no mention of any allegations of wrongdoing by" him. However, the second amended complaint expressly alleges that Corizon's medical staff at FCCW functions "[s]ubject to the supervision and oversight of Dr. Militana" and that Corizon, under Dr. Militana's direct supervision and oversight, has adopted and perpetuated the same pattern and practice of constitutionally deficient medical care that existed when Corizon assumed the contract from its predecessor, Armor (patterns and practices that Corizon instituted as Armor's predecessor). As Plaintiffs seek only declaratory and injunctive relief pursuant to the Eighth Amendment to the

---

[2] As previously noted, the amended complaint identified Paul C. Ohai as a defendant; otherwise, the amended complaint varied from the original complaint only in slight clarifications of various allegations.

United States Constitution and 42 U.S.C. § 1983, it is appropriate that any such relief would be entered against Dr. Militana, and the motion to dismiss must be denied.

I.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, I apply the pleading standard refined by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See also* Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8. The non-moving party must have alleged facts that "state a claim to relief that is plausible on its face," *i.e.*, facts that "have nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The following long-held rule still stands: "in evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the [non-moving party] in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

II.

As I have observed in previous opinions entered in this case, Plaintiffs' complaint and amended complaints are replete with exhaustive, detailed allegations of a systemic failure on an on-going basis of FCCW medical staff and agents of the VDOC to provide medical care to the women incarcerated at FCCW that satisfies the minimum standards mandated by the Eighth Amendment to the United States Constitution. Plaintiffs have sufficiently alleged that, as a result of this ongoing, systemic failure, women at FCCW have suffered and continue to suffer

adverse physical and mental effects from the failure to provide medical care (or the provision of deficient care) in deliberate indifference to their serious medical needs. Although the specific instances of deficient care (or non-existent care under circumstances in which care was clearly needed and required) alleged as the foundation for Plaintiffs' Eighth Amendment claims pre-date the May 1, 2013, commencement of Dr. Militana's tenure as Medical Director at FCCW, Plaintiffs have expressly alleged that Corizon, under Dr. Militana's direct supervision and oversight, has adopted and perpetuated the same pattern and practice of deficient medical care that existed when Corizon assumed the VDOC contract to provide medical services at FCCW.

Were the complaint to fail to state a claim against Dr. Militana, then it would necessarily fail to state a claim against Corizon. Corizon has not raised a motion to dismiss, and nothing in Dr. Militana's motion suggests that Plaintiffs have failed to state a claim against Corizon. To grant Dr. Militana's motion to dismiss would require that I disregard Plaintiffs' specific and detailed allegations that Corizon, under Dr. Militana's daily oversight and supervision, has adopted and continues the same wrongful practices and deliberate indifference to the serious medical needs of Plaintiffs and the entire population of prisoners at FCCW.

### III.

For the stated reasons, the motion to dismiss will be denied. An appropriate order accompanies this memorandum opinion.

Entered this 15th day of November, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE