**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| CYNTHIA B. SCOTT, ET AL., <br> *Plaintiffs*, <br> v. <br> HAROLD W. CLARKE, ET AL., <br> *Defendants*. | CIVIL ACTION NO. 3:12-CV-00036 <br><br> **MEMORANDUM OPINION** <br><br> NORMAN K. MOON <br> UNITED STATES DISTRICT JUDGE |

Plaintiffs filed a motion to compel discovery. The matter was briefed and heard and, upon finding that the Virginia Department of Corrections Defendants (the "Defendants," or the "VDOC Defendants")[1] had improperly refused to produce documents to Plaintiffs, I granted the motion. *See* docket nos. 88, 89. Additionally, I granted Plaintiffs' request, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), to recover reasonable expenses and attorney's fees incurred in the preparation and filing of the motion to compel, and I directed Plaintiffs to file a detailed petition, which has been filed and fully briefed by the parties.

Defendants do not present any specific, substantive objections to the merits of the petition, other than to state in passing that they "do not perceive their Objections [to the motion to compel] to be so unique or so complicated that Plaintiffs were required to expend up to 16.75 hours of legal research in order to respond"; otherwise, Defendants state that, "[i]n general, VDOC Defendants do not challenge" the 45.90 hours for which Plaintiffs seek attorney's fees, "except to state that there

---

[1] The individual Defendants are Harold W. Clarke, Director of the Virginia Department of Corrections (the "VDOC"); A. David Robinson, VDOC's Chief of Corrections Operations; Frederick Schilling, VDOC's Director of Health Services; and Phyllis A. Baskerville, the Warden at Fluvanna Correctional Center for Women, a facility of the VDOC.

was not anything particularly novel or difficult about Plaintiffs' challenge to VDOC Defendants' Objections to producing documents . . . on the basis of relevancy." Nor do Defendants object to the reasonableness of the hourly fees claimed pursuant to the "lodestar" calculation; indeed, their response to the fee petition characterizes the fees requested as "reasonable." Rather, Defendants assert that attorney's fees in this matter are capped by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. However, Defendants' invocation of the PLRA is misguided; by its own terms, the PLRA does not apply to attorney's fees awarded as a discovery sanction pursuant to Fed. R. Civ. P. 37. Accordingly, as further elaborated herein, I will grant the petition, and I will award fees in a total amount of $15,980.00.

## I.

Plaintiffs' fee petition seeks the recovery of $20,399.00 in attorney's fees from Defendants for the preparation, submission, and argument of the motion to compel discovery, seeking the production of documents improperly withheld by Defendants. Plaintiffs base this fee amount on a "lodestar" calculation, multiplying a reasonable hourly rate by the number of hours reasonably expended, *see, e.g., Eastern Assoc. Coal Corp. v. Director, OWCP*, 724 F.3d 561, 569-70 (4th Cir. 2013) (citations omitted), and incorporating the twelve factors originally identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see also Eastern Assoc. Coal Corp.*, 724 F.3d at 570 n. 5 (setting forth the twelve *Johnson* factors, as cited in *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 n. 3 (1983), and noting that, in accordance with *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010), double-counting any of the twelve factors that have already been incorporated into the lodestar analysis would distort the proper weight to be accorded to those

factors).[2]

Plaintiffs state that Theodore Howard, a partner with the law firm Wiley Rein LLP, and Cori Lombard, an associate with the firm, researched and drafted Plaintiffs' briefing of the motion. According to Mr. Howard's Declaration, he has been engaged in the private practice of law in Washington, D.C. since 1981, that since 1989 "a significant part of [his] legal practice has involved the pro bono representation of incarcerated individuals seeking to challenge the constitutionality of various conditions of confinement pursuant to actions brought in federal courts under 42 U.S.C. § 1983." He adds that Ms. Lombard was a summer associate at Wiley Rein LLP in 2008, during which term she contributed to the firm's pro bono involvement in a prisoner civil rights project dealing "with Section 1983 litigation in general and prisoners' conditions-of-confinement claims in particular," and she joined Wiley Rein LLP as a full-time associate in January 2011.

The petition states that Mr. Howard's standard billing rate is $640.00 per hour, and Ms. Lombard's standard billing rate is $420.00 per hour. However, Plaintiffs seek recovery of their reasonable attorney's fees based upon the United States Attorney's Office for the District of Columbia's Adjusted Matrix (the "Adjusted Matrix"). Under the Adjusted Matrix, Plaintiffs

---

[2] The twelve factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 429-30 n. 3 (1983) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

calculate an hourly rate of $510.00 for Mr. Howard and an hourly rate of $295.00 for Ms. Lombard.[3]

Plaintiffs state that "a total of 100.70 hours were expended from the point at which the VDOC Defendants' written Objections to Plaintiffs' Document Requests were served on July 23, 2013 through November 21, 2013, the date of the hearing on the Motion." Plaintiffs then exclude 54.80 hours from the total, leaving 45.90 hours as time reasonably expended on researching, briefing, and arguing their motion. Of those 45.90 hours, Plaintiffs state that Mr. Howard performed 31.90 hours of work while Ms. Lombard performed 14 hours of work.

Plaintiffs ask me to consider and weigh the twelve *Johnson* factors when determining the reasonableness of the hourly rates for which recovery is sought. The factors that Plaintiffs specifically address are the novelty and difficulty of the question raised (*Johnson* factor no. 2); the customary fee for like work (*Johnson* factor no. 5); and the experience, reputation, and ability of the attorneys (*Johnson* factor no. 9). In particular consideration of the novelty and difficulty of the question raised, Plaintiffs state that, "[w]hile there is nothing necessarily either 'novel' or 'difficult' about challenging an adversary party's refusal to respond to a discovery request on the basis of a 'relevancy' objection in the abstract," the motion to compel "was not a routine undertaking" because of the complex nature of their Eighth Amendment claims, the "critically important nature of the discovery sought," and "the VDOC Defendants' complete failure to explain or provide support for the asserted Objections." Plaintiffs further state that, because Defendants failed to identify any

---

[3] The applicable rates from the Adjusted Matrix represents a reduction of $130.00, *i.e.*, more than 20% off of Mr. Howard's standard rate, and a reduction of $125.00, *i.e.*, nearly 30% off of Ms. Lombard's standard rate. In the alternative, courts routinely rely upon the *Laffey* Matrix when determining the reasonableness of the hourly rates charged by District of Columbia practitioners. The *Laffey* Matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983, *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). Under the current *Laffey* Matrix, the applicable hourly rates are $771.00 for Mr. Howard, and $393.00 for Ms. Lombard – significantly higher than their standard billing rates.

authority in support of their objections and merely "insisted that they were on 'solid ground' in adhering to the 'relevancy' Objections they interposed," "Plaintiffs' counsel were obligated to conduct exhaustive legal research" to support their own affirmative arguments for the motion to compel as well as "to protect against any existing decisions supportive of the VDOC Defendants' position which the VDOC Defendants' counsel may have declined to identify for strategic reasons." Plaintiffs contend that such research by Mr. Howard and Ms. Lombard represented "a significant component of the time incurred" by them, and that this "could have been avoided but for the VDOC Defendants' unprincipled and unfounded contentions – a circumstance that became clear" once Defendants' opposition was filed, and it "*includ*[ed] *not a single citation to any supporting caselaw*."

## II.

Defendants contend that, because Plaintiffs are prisoners, "this lawsuit is governed by the Prison Litigation Reform Act ('PLRA'), 42 U.S.A. § 1997e" and, from this premise, Defendants leap to the conclusion that "the hourly rate for Plaintiffs' attorneys' fees is set by the PLRA." Were the PLRA applicable, Theodore Howard's rate would be capped at $187.50, and Cori Lombard's rate would be capped at $123.50. *See* 42 U.S.C. § 1997e(d)(3) (under the PLRA, "[n]o award of attorney's fees . . . shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 30006A of Title 18 for payment of court-appointed counsel"). However, a straightforward reading of the provisions of the PLRA cited by Defendants establishes that the PLRA fee limitations have no applicability to the fees awarded here as sanctions for Defendants' misconduct regarding discovery.

Section 1997e(d) of Title 42, regarding awards of attorney's fees made to a prevailing party

in an action challenging prisoners' conditions of confinement in connection with the entry of an order or the consummation of a settlement resulting in the grating of relief on the merits, states the following:

> **(d) Attorney's fees.** (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under [42 U.S.C. § 1988], such fees shall not be awarded, except to the extent that–
>
>> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section [42 U.S.C. § 1988] of the Revised Statutes; and
>>
>> (B) (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>>
>> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> * * *
>
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel. . . .

Here, the attorney's fees award sought by Plaintiff has no relationship whatsoever to the merits-related fee award authorized pursuant to 42 U.S.C. § 1988 and specified in § 1997e(d). Indeed, the United States Court of Appeals for the Fourth Circuit has analyzed the multi-step inquiry that district courts must undertake when awarding fees under the PLRA, and has observed that,

> [f]irst, the court must be satisfied that the plaintiff is eligible for fees under 42 U.S.C. § 1988. Prior to the enactment of the PLRA, a plaintiff in a prison conditions lawsuit obtained attorney's fees solely through [Section] 1988. Section 1988 allows the district court to award reasonable attorneys' fees to a prevailing party "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983]." 42 U.S.C. § 1988(b). "*[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim.* The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." [*Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (citation omitted)]; *accord S–1 and S–2 v. State Bd. of Ed.*, 21 F.3d 49, 51 (4th Cir. 1994) (en banc).

*Alexander S. v. Boyd*, 113 F.3d 1373, 1388 (4th Cir. 1997) (emphasis added). Given that discovery is ongoing and there has been no consideration of (much less any disposition of) the merits of Plaintiffs' Eighth Amendment claims, Plaintiffs are not "eligible for fees under 42 U.S.C. § 1988." *Id*. On its face, § 1997e(d) of the PLRA is inapplicable to Plaintiffs' instant petition, which seeks attorney's fees as a sanction for Defendants' failure to fulfill discovery obligations.

There are only a few cases addressing this issue, but they are consistent with my finding. For example, under similar circumstances presented in *Edwin G. v. Washington*, No. 97-1177, 2001 WL 196760 (C.D. Ill. Jan. 26, 2001), the court rejected the state corrections department defendants' argument that the fee-cap provisions of the PLRA governed the fees recoverable by the plaintiffs upon the successful prosecution of a motion to compel, reasoning that

> [t]he court did not find case law, and none has been suggested by counsel, that would prevent it from allowing the plaintiffs' attorneys to recoup their usual fees as sanctions for failure to obey the court's discovery orders. Sanctions provide the district court with an effective means of ensuring that litigants will comply with discovery orders. *The award of attorney's fees as sanctions under Fed. Rule Civ. Pro. Rule 37(a)(4)(A) is distinct from an award that might be forthcoming under 42 U.S.C. § 1988, if the plaintiffs ultimately prevail in this suit. Sanctions are not based upon the defendants' liability for the alleged claims. Sanctions are applied for conduct during the discovery process. Therefore, the award of attorney fees as a sanction is outside of the PRLA.*

*Id*. at *2 (emphasis added); *see also Davis v. Rouse*, Civil Action No. 1:08-cv-03106, 2012 WL 3059569 at *3 (D. Md. July 25, 2012) ("Defendants' arguments that [PLRA] rates should be used fails because the PLRA does not apply to sanctions awards.") (citations omitted); *Beckford v. Irvin*, 60 F. Supp. 2d 85, 88 (W.D. N.Y. 1999) ("The PLRA does not limit the award of attorney's fees to a prevailing plaintiff whose award is authorized under a statute separate from § 1988.").[4]

---

[4] To be sure, in *Webb v. Ada County*, 285 F.3d 829 (9th Cir. 2002), the United States Court of Appeals for the Ninth Circuit affirmed a district court's refusal to exempt fees incurred by the prisoner litigant's counsel in preparing a motion to compel discovery from the PLRA fee cap. However, the discovery in *Webb* was
(continued...)

Defendants are incorrect in assuming that, simply because the Plaintiffs are prisoners, the provisions of § 1997e(d) necessarily govern any and all awards of attorney's fees made in this case. *See, e.g., Armstrong v. Davis*, 318 F.3d 965, 973-75 (9th Cir. 2003) (plaintiffs prevailed in prisoners' rights action challenging California's treatment of disabled prisoners and parolees based on claims asserted under the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and § 1983; Court of Appeals affirmed the district court's determination to award attorney's fees unlimited by the PLRA fee-cap provisions where the ADA and RA claims were the principal focus of discovery, trial, and the relief granted, and both statutes contained their own fee-shifting provisions and thus did not rely upon § 1988 as the basis for the fee award); *Beckford*, *supra*, 60 F. Supp. 2d at 88 ("Looking at the plain meaning of the [PLRA], attorney's fees are limited in cases brought by prisoners if the award of fees is authorized under [42 U.S.C.] § 1988. However, plaintiffs' claim was also based on the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Attorney's fees are available to the prevailing party under the ADA. The PLRA does not limit the award of attorney's fees to a prevailing plaintiff whose award is authorized under a statute separate from § 1988.") (citations omitted.).

In sum, the attorney's fees sought here are discovery sanctions under Fed. R. Civ. P. 37, not an award to a prevailing party in connection with a determination of the merits of this case pursuant to §§ 1983 and 1988, and the fee provisions of the PLRA are inapplicable.

---

[4](...continued)
undertaken in the *postjudgment* phase of the case and was sought by the plaintiff in furtherance of enforcement of the judgment previously reached in his favor and was but one element of an omnibus petition for fees subject to recovery pursuant to Section 1988. *Id*. at 837-40 (emphasis added).

**III.**

"When . . . the applicant for a fee has carried [its] burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be [a] reasonable fee . . . ." *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *see also Perdue*, *supra*, 559 U.S. at 552; *Eastern Assoc. Coal Corp.*, *supra*, 724 F.3d at 570. Plaintiffs, consistent with these authorities, have arguably carried their burden here. As fully elaborated in the petition and its supporting declarations and exhibits thereto, Plaintiffs explained why, under the present circumstances, Washington, D.C. constitutes the relevant geographic jurisdiction establishing the market rates for legal services against which the reasonableness of the rates Plaintiffs seek to recover should be measured; explained the basis for their willingness to have me utilize the Adjusted Matrix as the foundation for the hourly rates for which Plaintiffs' Washington counsel should be compensated; and identified the hours reasonably expended by counsel in researching, drafting, filing, and arguing the motion to compel following the imposition of appropriate professional billing judgment, which resulted in the exclusion of a significant number of hours (54.80 hours, more than half of the total number of hours). Based upon the conclusions yielded by these analyses, Plaintiffs performed an appropriate "lodestar" calculation to arrive at a total of $20,399.00 for which recovery is sought.

However, although Plaintiffs' counsel have set forth plausible arguments why Washington, D.C. could be used as the relevant market to establish reasonable rates for counsel's services, the reasonable rate for purposes of the lodestar figure is generally the prevailing market rate for comparable services in the community in which the services were rendered, *see Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169, 179 (4th Cir. 1994) ("The relevant legal community is generally that in which the district court sits."), and given that the VDOC Defendants are state actors being sued in their official capacities, the Commonwealth should not be punished excessively for its

counsel's failure to lodge any challenge to the reasonableness of the hourly rates. And, significantly, Plaintiffs' arguments addressing *Johnson* factor no. 2 – the novelty and difficulty of the question raised – acknowledge that, "in the abstract," at least, "there is there is nothing necessarily either 'novel' or 'difficult' about challenging an adversary party's refusal to respond to a discovery request on the basis of a 'relevancy' objection . . . ." In these particular circumstances, the novelty and difficulty of the question arise mostly from Defendants' counsel's refusal to explain objections to Plaintiffs' reasonable discovery requests.

I find that Plaintiffs are entitled to a fee award of $400.00 per hour for Mr. Howard's services on the motion to compel, and $230.00 per hour for Ms. Lombard's services. In recent cases in this district, District of Columbia attorneys with similar high-caliber qualifications have been awarded fees generally around a top end of $350.00. *See, e.g., Allstar Lodging, Inc. v. Rookard*, Civil Action No. 5:13-cv-00053, 2013 WL 6002070, at *5 (W.D. Va. Nov. 12, 2013) ($350.00); *Hudson v. Pittsylvania County, Va.*, Civil Action No. 4:11-cv-00043, 2013 WL 4520023, at *4 (W.D. Va. Aug. 26, 2013) ($350.00). However, even in a more remote division of this district, the rate of $400.00 per hour has been awarded for an experienced attorney's services. *See Quesenberry v. Volvo Group North America, Inc.*, Civil Action No. 1:09-cv-00022, 2010 WL 2836201 (July 20, 2010). Given Mr. Howard's experience and qualifications, he is entitled to at least $400.00 per hour for his services in this legal community. The fee award of $400.00 per hour for Mr. Howard represents about 78% of the requested Adjusted Matrix hourly fee of $510.00 per hour. Ms. Lombard, although not as senior as Mr. Howard, is nonetheless well-qualified and experienced, and she is entitled to at least $230.00 per hour for her services in this legal community. The rate of $230.00 per hour for Ms. Lombard's services represents about 78% of the requested Adjusted Matrix hourly fee of $295.00 per hour.

**IV.**

For the stated reasons, I will grant Plaintiff's petition, filed pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), to the extent that they may recover the total amount of $15,980.00 in reasonable expenses and attorney's fees incurred in the preparation and filing of the motion to compel. An appropriate order accompanies this memorandum opinion.

Entered this __15th__ day of April, 2014.

                                                           NORMAN K. MOON
                                                         UNITED STATES DISTRICT JUDGE