IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CYNTHIA B. SCOTT, ET AL., *Plaintiffs*, v. HAROLD W. CLARKE, ET AL., *Defendants*. | CIVIL ACTION NO. 3:12-CV-00036 **MEMORANDUM OPINION** NORMAN K. MOON UNITED STATES DISTRICT JUDGE |

This matter is before me upon consideration of the "Emergency Motion to Stay Litigation Pending Joinder of Necessary Party" filed by one of the defendants in this matter, Corizon Health, Inc. ("Corizon").[1]

Regarding a request for a "discretionary stay," *i.e.*, when "an automatic stay is not available," the United States Court of Appeals for the Fourth Circuit has held that "consideration of [a party's] entitlement to a stay" is limited "to the inherent power in courts under their general equity powers and in the efficient management of their dockets to grant relief." *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). The "proper use of this authority 'calls for the exercise of judgment which must weigh competing interests and maintain an even balance.' The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.* (quoting *Landis v.*

---

[1] The following individual VDOC employees are presently named as Defendants in their official capacities: Harold W. Clarke, the Director of the Virginia Department of Corrections ("VDOC"); David Robinson, VDOC's Chief of Corrections Operations; Frederick Schilling, VDOC's Director of Health Services; Phyllis A. Baskerville, the Warden at Fluvanna Correctional Center for Women ("FCCW"); and Paul C. Ohai, M.D., Medical Director at FCCW. At present, Corizon Health, Inc. ("Corizon") is a defendant, and Armor Correctional Health Systems, Inc. ("Armor") is a former defendant.

*North American Co.*, 299 U.S. 248, 254-55 (1936)). Indeed, "'[t]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id*. (quoting *Landis*, 299 U.S. at 255).

Corizon unilaterally seeks to suspend this litigation as to all parties, but offers no credible basis for granting the extraordinary relief requested. For the reasons discussed below, I will deny the motion.

**I.**

The original complaint was filed two years ago, in July 2012, and the matter is set for a two-week trial to commence on December 1, 2014. I have thoroughly set forth the factual and procedural background in this case in several other opinions, and I will present only a brief summary here.

Plaintiffs, all prisoners residing at Fluvanna Correctional Center for Women ("FCCW"), a facility of the Commonwealth of Virginia Department of Corrections ("VDOC"), filed an action pursuant to 42 U.S.C. § 1983 alleging that defendants had violated and continue to violate plaintiffs' constitutional rights under the Eighth Amendment to be free from cruel and unusual punishment. Plaintiffs assert that FCCW and VDOC fail to provide adequate medical care and that defendants are deliberately indifferent to this failure. Plaintiffs request a declaratory judgment and preliminary and permanent injunctions ordering FCCW and VDOC to provide adequate medical care to plaintiffs and all other similarly situated women residing at FCCW.[2]

---

[2] Suffice it to say that (as I have observed in previous opinions entered in this case) plaintiffs' complaint and
(continued...)

-2-

Case 3:12-cv-00036-NKM   Document 127   Filed 07/28/14   Page 2 of 7   Pageid#: 1442

Just over a year ago, Corizon replaced a defendant in this case, Armor Correctional Health Systems, Inc. ("Armor"), as the for-profit provider of medical services for VDOC at FCCW, and on July 15, 2013, the complaint was amended to add Corizon as a defendant. Thereafter, Armor filed a motion to dismiss, arguing that plaintiffs' claims for injunctive and declaratory relief against Armor should be denied as moot because Armor's contract with VDOC had expired and Corizon (which had previously been the contractual provider of medical services at FCCW during part of the time covered in plaintiffs' complaint and amended complaints) had assumed the contract to provide medical services at FCCW.[3] I granted Armor's motion to dismiss.

Corizon now takes the position that the entire litigation should be stayed for at least three months because of the likelihood that, on October 2, 2014, Armor will replace Corizon as the medical provider at FCCW. However, the crux of the complaint is that, because of VDOC employees' deliberate indifference, VDOC and FCCW have failed (and continue to fail) to provide constitutionally adequate medical care to FCCW inmates. Regardless of the status of any contract VDOC has with Armor or Corizon, it is not necessary and it would not serve justice to further delay trial in this case by issuing a stay,[4] especially given that both Armor and Corizon are and will be subject to discovery rules in this case, either as a party or as a third-party.

---

[2](...continued)
amended complaints are replete with exhaustive, detailed allegations of a systemic failure on an on-going basis of FCCW medical staff and agents of VDOC to provide medical care to the women incarcerated at FCCW that satisfies the minimum standards mandated by the Eighth Amendment to the United States Constitution.

[3] Regarding Corizon, plaintiffs expressly allege that Corizon engages (and previously engaged) in a pattern of wrongful practices and deliberate indifference to the serious medical needs of plaintiffs and the entire population of prisoners at FCCW.

[4] The original trial date in this case was October 15-25, 2013, but it has been continued three times. The first continuance was required because Corizon was added as a defendant after it was renewed as VDOC's medical provider. Another continuance was requested because of Corizon's lead counsel's military reserve obligation. The third continuance was sought because of Corizon's decision – a year and a half into a complex case – to replace its counsel (who had also served as counsel for Armor when it was a defendant in this case).

## II.

### *A.*

Corizon states that Armor is a "necessary" and "indispensable party" to this case. However, the individual VDOC employees named as defendants in their official capacities are the "necessary" and "indispensable" parties in this action seeking declaratory and injunctive relief. As VDOC's contractual, for-profit medical provider, Corizon is at present a proper party, but VDOC's contractor is not a party in the absence of which "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Nor can VDOC's contractor claim that it has "an interest relating to the subject of the action" and that it "is so situated that disposing of the action in [its] absence" would "as a practical matter impair or impede the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

The allegations in this case concern *VDOC's duty* to provide medical care for its inmates that meets the minimum standards required by the Eighth Amendment to the United States Constitution, and the requested injunctive and declaratory relief, if granted, will require *VDOC* to ensure that adequate medical care is provided to plaintiffs and all other similarly situated women residing at FCCW, regardless of whether VDOC's medical contractor is Corizon, or Armor, or some other entity.[5] This case will proceed to the merits, and neither Armor nor

---

[5] Corizon's instant motion echoes the substance (and merits) of plaintiffs' arguments in opposition to Armor's motion to dismiss for mootness (that the facts and circumstances surrounding the expiration of Armor's contract to provide medical care services at FCCW implicate the "voluntary cessation" exception to the mootness doctrine, that Armor bore a heavy burden "to show that there is no reasonable possibility that it will again occupy that position in the future," and that "the circumstantial evidence embodied in the VDOC's 'revolving door' approach to contracting for the provision of medical care services at its correctional facilities places Armor's capacity to meet its burden . . . in doubt"). If I were to stay the case because, as Corizon argues, Armor *will be* a "necessary" or "indispensable" party, then I should not have dismissed the case against Armor as moot, given that it was
(continued...)

Corizon (nor any other medical care provider with which VDOC may form a contract) will be "free to resume [or continue the] challenged conduct in the absence of a substantive determination." *Americans United for the Separation of Church and State v. Bd. of Education of Beechwood Ind. School Dist.*, 369 F. Supp. 1059, 1061 (1974) (citing *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37 (1944)).

*B.*

Corizon contends that "without a stay, [it] will be forced to expend significant resources to defend itself as a party in this [case], which may be moot as to [it] by October 2, 2014." However, given Corizon's role as VDOC's medical care contractor from April 2006 to November 2011 and from May 1, 2013, to the present, it is a participant in the factual circumstances implicated in this litigation, whether it participates as a party defendant or as a third party (as Armor is at present). The Federal Rules of Civil Procedure expressly permit discovery from nonparties and, given the allegations, Corizon will remain a focus of plaintiffs' discovery and will continue to require counsel and to incur litigation costs, regardless of whether it is a party or a third party. Corizon has not presented "clear and convincing circumstances" that justify its request for a stay. *Williford*, 715 F.2d at 127.

*C.*

Corizon argues that I should "'weigh competing interests and maintain an even balance,'"

---

[5](...continued)
*formerly* a "necessary" or "indispensable" party. Hypothetically speaking, had I denied the motion to dismiss, and following Corizon's argument to a logical conclusion, should Armor again step in as VDOC's contractual medical provider (as it appears Armor will), and should Corizon file a motion to dismiss (as Armor did, when it was replaced as VDOC's contractual medical provider) arguing that plaintiffs' claims for injunctive and declaratory relief against Corizon should be denied as moot because Corizon's contract with VDOC has been terminated and Armor has assumed the contract to provide medical services at FCCW, then I would be obliged to deny the motion, given that Corizon was formerly a "necessary" or "indispensable" party.

-5-

*id*. (quoting *Landis*, 299 U.S. at 254-55), but it fails to observe that "[t]he party seeking a stay must justify it by clear and convincing circumstances *outweighing potential harm to the party against whom it is operative*," *id*. (emphasis added) and that it "'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to someone else,'" *id*. (quoting *Landis*, 299 U.S. at 255).

The progress of this case to trial has already been delayed by more than a year as a result of a previous change in the identity of VDOC's medical care contractor and other complications involving Corizon and its counsel – events over which plaintiffs have had no control. Now, without any acknowledgment of the possible adverse impact that a further delay of the proceedings could have on plaintiffs, *Corizon* **unilaterally** *seeks to suspend this litigation* **as to all parties**, apparently for no better reason than that it would be inconvenient for Corizon to continue to participate as a litigant during the pendency of its status as VDOC's contractor. However, given plaintiffs' allegations regarding defendants' systemic failure to provide medical care at FCCW that meets constitutional minimum standards (including the denial of needed treatment, the failure to refer for outside specialized care, the failure to follow through on outside specialists' treatment instructions, disruptions in the continuity of critical medication, and the like), a further delay of plaintiffs' day in court would be prejudicial to plaintiffs' legitimate interest in a timely resolution of their Eighth Amendment claims. To be sure, it appears likely that Corizon will eventually be relieved of its role as a defendant in this case, but it has not presented "'a clear case of hardship or inequity in being required to go forward,'" especially in light of the "'fair possibility that the stay for which [it] prays will work damage to someone else.'" *Id*. (quoting *Landis*, 299 U.S. at 255). As the Fourth Circuit observed in *Williford*,

> [o]f particular significance in balancing the competing interests of the parties in the case at bar are the human aspects of the needs of a plaintiff in declining health as opposed to the practical problems imposed by the proceedings . . . , which very well could be pending for a long period of time. A stay under such circumstances would work manifest injustice to the claimant.

*Id*. at 127-28.

## III.

For the stated reasons, Corizon's "Emergency Motion to Stay Litigation Pending Joinder of Necessary Party" will be denied. An appropriate order accompanies this memorandum opinion.

Entered this  28th  day of July, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE