IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

EXHIBIT 54

CYNTHIA B. SCOTT, *et al.*, )
)
Plaintiffs, )
) Case No. 3:12-cv-00036-NKM
v. ) Sr. Judge Norman K. Moon
)
HAROLD W. CLARKE, *et al.*, )
)
Defendants. )
_____ )

## AFFIDAVIT OF DEBORAH GOLDEN

City of Washington )
) ss.
District of Columbia )

I, Deborah Golden, of the age of majority and having been duly sworn, hereby affirm and state:

1. I am a member, in good standing and on active status, of the District of Columbia Bar and the director of the D.C. Prisoners' Project of the Washington Lawyers Committee for Civil Rights and Urban Affairs ("WLC"), which is co-counsel to the Plaintiffs in this action.

2. I make this Affidavit in support of the Plaintiffs' Motion for Class Certification. Except to the extent otherwise expressly stated, I have personal knowledge of the matters set forth herein and, if called upon, believe I would be found competent to testify hereto.

3. WLC is a non-profit organization founded in 1968 to provide pro bono legal services to address discrimination and entrenched poverty in the Washington, D.C. community. Over the past 45 years, WLC's efforts and programs have expanded from a small staff focused primarily on issues of racial discrimination into a larger organization providing pro bono representation in a broad range of civil rights and related issues impacting groups protected by our federal, state and local civil rights laws. In particular, in 2006, WLC merged with the D.C.

Prisoners' Legal Services Project, Inc. ("PLSP"), a non-profit legal services organization devoted to the objective of securing and preserving humane conditions of confinement for individuals incarcerated in the District of Columbia's correctional facilities. Cases on behalf of prisoners in D.C. and elsewhere have been an important part of WLC's caseload since 2006. Today, WLC's active litigation docket of more than 100 matters includes individual cases and class actions, as well as other larger law reform cases.

4. I graduated from the University of Michigan Law School in 1998. In addition to D.C., I am admitted to practice in the Commonwealth of Kentucky, as well as the United States District Courts in the District of Columbia, Colorado, the Eastern District of Kentucky, and Maryland; and the United States Courts of Appeals for the District of Columbia and the Third Circuit. I have been admitted *pro hac vice* to this Court for this litigation.

5. In addition to my work with WLC, I am an Adjunct Professor of Law at the Georgetown University Law School, currently teaching Prison Litigation & Advocacy.

6. At WLC and before that at PLSP, my work has focused on a range of issues affecting the treatment of prisoners, including the following cases:

   a. *Beale et al. v. District of Columbia et al.*, No. 1:04-CV-0959 (D. D.C. 2004). In November of 2008, WLC, along with Covington & Burling LLP, and Sparks & Silber LLP secured the largest settlement ever in an inmate wrongful death suit against the District of Columbia. The Plaintiff's son was being held at the overcrowded jail on nonviolent charges when he was attacked by a man awaiting sentencing for first degree murder. In addition to the settlement for the Plaintiffs, the case resulted in the passage of the D.C. Jail Improvement Act of 2004 as well as policy changes at the Jail.

b. *Anderson et al. v. Fenty et al.,* No. 2005 CA 005030 B (Superior Court for the District of Columbia 2005). PLSP along with Wiley Rein LLP brought suit on behalf of prisoners at the overcrowded DC Jail, under the Jail Improvement Act. The Act required a cap on the population at the Jail, among other things. The Mayor refused to comply, and the Project filed suit. After 2 years of litigation, the District was ordered to comply with the Act and impose a population cap. When the District responded with an absurdly high proposed cap, the judge responded by threatening contempt and giving a week to comply with the original order. The District decided to settle rather than seek appeal after extensive press scrutiny. Under the settlement, the District must comply with the population cap except under exigent circumstances.

c. *Jarboe v. Maryland Department of Corrections* No. 1:12-cv-00572 (D. Md. 2012). WLC, working with the Committee's Disability Rights Project, Foley & Lardner, and the National Association for the Deaf, filed litigation in 2012 on behalf of a class of hard of hearing and deaf individuals incarcerated in Maryland. The complaint alleges that defendants refused to provide plaintiffs with access to effective telecommunication devices, providing them only obsolete equipment no longer in general use, and charging them higher fees to use this obsolete equipment. The plaintiffs were also not provided appropriate services to alert them to emergencies, or for their educational classes and disciplinary hearings. This case is currently in litigation.

d. *Wright et al. v. CCA* No. 1:00-cv-00293 (D.D.C. 2000) PLSP filed this class action suit in 2000 on behalf of family members, loved ones, legal counsel, and others who receive telephone calls from people incarcerated in prisons run by the Corrections Corporation of America ("CCA"). The CCA had exclusive dealing agreements with a number of phone companies to provide service to the prisoners in those facilities that prevented the plaintiffs from

3

Case 3:12-cv-00036-NKM-JCH   Document 132-54   Filed 08/14/14   Page 3 of 5   Pageid#: 1962

being able to select a carrier, and kept the cost of these calls exceedingly high. In 2001, the court ordered that the claims be raised in the Federal Communications Commission, and granted a stay in the lawsuit while the parties appear before the FCC. In August, 2013, the FCC voted on a comprehensive national system that will limit the cost of these calls; that order is on appeal to the United States Court of Appeals for the D.C. Circuit.

   e. *Cunningham v. Federal Bureau of Prisons,* No. 1:12cv 01570-RPM-MEH (D.Colo. 2012) WLC and the firm of Arnold and Porter filed this class action suit in 2012 on behalf of prisoners from D.C. and elsewhere confined in facilities operated by the Federal Bureau of Prisons ("BOP"), particularly the U.S. Penitentiary Administration Maximum Security Facility in Florence, Colorado, who suffer from serious mental illness and who are not receiving appropriate medical treatment as required by BOP policies and by the Eighth Amendment to the U.S. Constitution. The case remains in litigation.

  7. All of the WLC attorneys assigned to this matter are capable of, and committed to, prosecuting this action vigorously on behalf of the class and have the experiences and resources necessary to work on prosecuting this case with co-counsel.

  8. As a result of the foregoing professional activities and experiences, involving prisoners' constitutional claims and class action litigation, I respectfully submit that I possess the requisite qualifications and expertise to serve as designated class counsel for the Plaintiffs in the instant case, in collaboration with my co-counsel at the Legal Aid Justice Center and Wiley Rein LLP, as required by Rule 23(a)(4), Fed. R. Civ. P.

4

Case 3:12-cv-00036-NKM-JCH   Document 132-54   Filed 08/14/14   Page 4 of 5   Pageid#: 1963

**FURTHER AFFIANT SAYETH NOT.**

                                                     *Deborah Golden*
                                                     Deborah Golden

Sworn to and signed before
me this 12th day of August 2014.

*Thelma D. Goodwin*
Notary Public

My Commission expires: 10/14/16

[Notary Seal: THELMA D. GOODWIN, NOTARY PUBLIC, MY COMMISSION EXPIRES 10/14/2016, DISTRICT OF COLUMBIA]