IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CYNTHIA B. SCOTT, ET AL., *Plaintiffs*, | CIVIL ACTION NO. 3:12-CV-00036 |
| v. | **MEMORANDUM OPINION** |
| HAROLD W. CLARKE, ET AL., *Defendants*. | NORMAN K. MOON<br>UNITED STATES DISTRICT JUDGE |

Defendants have filed a motion for leave to belatedly supplement their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony. For the reasons that follow, the motion will be denied.

## I.

A two-week trial in this matter is set to begin on December 1, 2014. The deadline for Defendants' expert witness disclosures was established on March 31, 2014 (in the latest of the oft-amended scheduling orders entered in this case), and it elapsed more than three and a half months before Defendants moved to supplement their disclosures. Defendants filed their motion on September 23, 2014, and Plaintiffs timely responded in opposition, but Defendants did not file a reply. The parties presented their arguments on the matter at the conclusion of the hearing on the parties' cross-motions for summary judgment on October 17, 2014.

## II.

Rule 26(a)(2)(D) expressly provides that "[a] party *must* make these disclosures at the times and in the sequence that the court orders." (Emphasis added.) "If a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use

that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The consideration of whether a party's failure to satisfy its expert disclosure obligations under Rule 26(a)(2) should be excused under Rule 37(c)(1) is guided by the following factors:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) (citations and quotations omitted).

"Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005).  A district court has "particularly wide latitude" to exercise its discretion to exclude expert witness testimony proffered by a party that has failed to meet the disclosure requirements imposed by Fed. R. Civ. P. 26(a). *Id*. at 279.

### III.

The parties jointly submitted an amended scheduling order, which I entered on March 31, 2014.  That amended scheduling order established May 30, 2014, as the date when Defendants were to provide Plaintiffs with their Rule 26(a)(2) expert witness disclosures.  The expert disclosure provided by the VDOC Defendants (the remaining Defendants in this case)[1] on

---

[1] The remaining Defendants, or the "VDOC Defendants," are Harold W. Clarke, the Director of the VDOC; David Robinson, VDOC's Chief of Corrections Operations; Frederick Schilling, VDOC's Director of Health
(continued...)

that date did not include any proposed medical experts.  Corizon, which was then a defendant but has since been dismissed on the agreement of the remaining parties, designated three medical experts in its disclosures submitted on June 13, 2014, but the VDOC Defendants did not endorse or adopt the Corizon experts as VDOC experts, and after Corizon was dismissed from this case on July 31, 2014, the VDOC Defendants failed to indicate any intention to designate the Corizon experts as their own.

Rule 26(a)(2)(D) states that a party "must" make the disclosures required by other parts of the Rule "at the times and in the sequence that the court orders."  The Rule further provides that "[a]bsent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial[.]"  Fed. R. Civ. P. 26(a)(2)(D)(i).  Here, Defendants failed to heed the amended scheduling order's deadline of May 30, 2014, to designate and provide the requisite disclosures for any medical expert they might wish to use, and they failed to advise Plaintiffs within 90 days of the December 1, 2014, trial date of their intent to use Corizon's medical experts' opinion testimony.  In short, Defendants failed to satisfy either of the Rule 26(a)(2)(D) alternatives.

Given Defendants' failure to comply with Rule 26(a)(2), I must apply the "automatic sanction" imposed by Rule 37(c)(1) of exclusion of testimony by the Corizon experts from trial, unless the VDOC can show that its procedural default was either "substantially justified" or is "harmless."  *See Campbell v. United States*, 470 F. App'x 153, 156 (4th Cir 2012) (per curiam) ("[T]he Federal Rules impose an 'automatic sanction' of exclusion of a party's expert witness for failure to adhere to the expert witness requirements set forth in Rule 26(a)." (quoting

---

[1](...continued)
Services; and Phyllis A. Baskerville, the Warden at FCCW. I will also refer to Defendants as "the VDOC."

*Southern States*, 318 F.3d at 592 n. 2)).

Defendants fail to meet their burden to show that the factors weigh in favor of the relief they seek. *See Wilkins v Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) ("The burden of establishing these factors lies with the non-disclosing party[.]" (citing *Southern States*, 318 F.3d at 596 ("[i]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with Rule 37(c)(1) was either justified or harmless" (citation omitted))). Indeed, upon review of the circumstances here, the *Southern States* factors weigh in favor of exclusion.

The late timing of the disclosure (in fact, *after* the parties had filed cross-motions for summary judgment) has the effect of surprise upon Plaintiffs, and the surprise cannot be easily cured.  Defendants' contention that Plaintiffs have been aware of the Corizon expert witnesses since they were originally disclosed on June 13, 2013, and that "Plaintiffs have had fair opportunity to depose these witnesses since that time and still may depose them prior to trial" does not offer a rationale under which Plaintiffs should have sought to take the depositions of proposed experts designated by a party – Corizon – that has since been dismissed from the case by agreement of the remaining parties' (and which the record reflects the remaining parties were contemporaneously undertaking that agreement to dismiss).  As for any opportunity to take the depositions of two physicians and a nurse in the limited time still remaining before trial, Defendants fail to explain how it could be "fair" for counsel for Plaintiffs to divert their time, energy, and resources away from trial preparation to undertake activity that, were it to be undertaken at all, should have occurred months ago pursuant to the amended scheduling order.[2]

---

[2] As discussed further below, Defendants attempt to characterize the testimony of the Corizon experts as
(continued...)

-4-

Indeed, on September 2, 2014, the parties submitted a consent motion requesting an extension of the date by which motions to *exclude* expert testimony would be filed, in light of the parties' mutually agreed-upon delays in the completion of the depositions of the VDOC's properly disclosed expert, Mr Angelone, and the Plaintiffs' expert, Dr. Greifinger.  The designation of additional experts (and the undertaking of more expert depositions, and motions to exclude, etc.) obviously would impose burdens on the parties to meet the deadlines requested in the consent motion of September 2, 2014.

Under the third *Southern States* factor, Plaintiffs would be subjected to a substantially increased commitment of time and expense were I to permit the three additional experts to testify on behalf of Defendants.  Doing so would expand Defendants' case-in-chief, and it would also require Plaintiffs to prepare a substantial rebuttal case.

Under the fourth *Southern States* factor, it is undeniable that the experts would offer important testimony.  However, given the circumstances of Defendants' disregard of their Rule 26(a)(2) disclosure obligations, this factor weighs against excusing Defendants' failure to disclose.  *See Southern States*, 318 F.3d at 598-99 ("'[t]he fact that the expert's testimony regarding the paint formula might have been helpful to [Southern States'] case in the eyes of the jury also points out why it should have been disclosed in a timely manner to [Sherwin-Williams]'" (citation omitted)).

Regarding the fifth *Southern States* factor, Defendants have not offered "[a]n explanation for [their] failure to disclose" their wish to use the three medical experts.

---

[2](...continued)
"rebuttal" evidence, essentially arguing that Plaintiffs should bear the burden of Defendants' own failure to signal their intent to make use of this testimony when it was disclosed by Corizon, as required by Rule 26(a)(2)(D)(ii).

Given that the VDOC Defendants have not met their burden to establish that their motion to belatedly supplement their Rule 26(a)(2) expert disclosures is either substantially justified or harmless, I will impose the "automatic sanction" of Rule 37(c)(1), and the testimony will be excluded. *See*, *e.g.*, *Wilkins*, 751 F.3d at 223 (finding "no abuse of discretion in the district court's exclusion of Dr. Voskanian as an expert witness"); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329-30 (4th Cir. 2011) (affirming district court's determination striking witness declaration and precluding the plaintiff's reliance thereon in opposing defendants' summary judgment motion where plaintiff failed to supplement her Rule 26(a)(1) disclosures to identify declarant as a potential witness until two months after close of discovery and subsequent to the filing of defendants' motion); *Carr v. Deeds*, 453 F.3d 593, 604-05 (4th Cir. 2006) (affirming exclusion of plaintiff's proffered expert witness in light of plaintiff's failure to provide disclosures required by Rule 26(a)(2)); *Saudi*, 427 F.3d at 278-79 (same); *Southern States*, 318 F.3d at 598-99 (same).

## IV.

To the extent Defendants seek to excuse their failure to disclose by characterizing the testimony they would elicit from the excluded witnesses as "rebuttal" evidence, I am not persuaded. Defendants assert that,

> if Plaintiffs intend to present expert testimony at trial concerning the actions of persons other than the VDOC Defendants as those actions relate to the claim of inadequate medical care, then VDOC Defendants request that this Court permit them to designate Chad Zawitz, M.D., Kaveh Ofogh, M.D., and Archie Malloy, R.N., as expert witnesses for the sole purpose of rebutting or contradicting such testimony.

As the complaint, amended complaint, numerous motions, and other filings in this case (including Defendants' own filings and my opinions) have repeatedly stated, Plaintiffs complain

that Defendants have been deliberately indifferent to constitutionally deficient medical care at the Fluvanna Correctional Center for Women that has been *provided by medical care contractors* hired by the VDOC.  It has been integral to Plaintiffs' complaint from the time it was filed that Plaintiffs' claims concern "the actions of persons other than the VDOC Defendants as those actions relate to the claim of inadequate medical care."   Furthermore, Plaintiffs' timely filed expert report is unequivocal on this point.  Meeting and responding to this evidence is fundamental to Defendants' case-in-chief, and Defendants' characterization of the three additional medical experts as "rebuttal" evidence is unconvincing.  Indeed, if Defendants needed the testimony for the purpose of "[c]ontradict[ing] or rebut[ting] evidence of the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)," they should have signaled their intent to make use of this testimony when it was disclosed by Corizon.  *See* Fed. R. Civ. P. 26(a)(2)(D)(ii).

In the Fourth Circuit, rebuttal evidence is evidence provided by a party "to explain, repel, counteract, or disprove facts given in evidence by the opposing party." *United States v. Moore*, 532 F. App'x 336, 338 (4th Cir. 2013).  "[A] party may not use rebuttal as an attempt to introduce evidence that he should have introduced in his case-in-chief." *Steele v. Kenner*, 129 F. App'x 777, 780 (4th Cir. 2005); *see also Peals v. Terre Haute Police Dep't.*, 535 F.3d 621, 630 (7th Cir. 2008) ("[t]estimony offered only as additional support to an argument made in a case in chief . . . is improper on rebuttal"); *In re C.R. Bard, Inc.*, MDL No. 2187, 2013 WL 2432861 (S.D. W.Va. June 4, 2013) "[A] party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief.").

"Rebuttal" evidence has been defined by the Fourth Circuit as "evidence . . . introduced to counter new facts presented in the [adversary's] case in chief," including either "surprise

evidence" presented by the other party or "evidence unavailable earlier through no fault of the plaintiff." *Allen v. Prince George's County, Maryland*, 737 F.2d. 1299, 1305 (4th Cir. 1984) (emphasis added). *Allen* involved allegations of discriminatory hiring by the defendant county in violation of federal law. *Id*. at 1301. During the trial, the district court rejected the plaintiffs' belated attempt to offer expert testimony and new statistics regarding the defendant county's hiring practices. *Id*. at 1305. Affirming the trial court's determination, the Fourth Circuit concluded that "the [plaintiffs] had a chance to decide before trial what statistics to use" and "they should not be allowed to change their litigation strategy on rebuttal." *Id*. According to the Fourth Circuit, rebuttal evidence typically consists of evidence responding to "surprise" revelations during the other party's case-in-chief, or evidence that was unavailable during the proffering party's case-of chief through no fault of its own, and the evidence proffered as "rebuttal" by the plaintiffs met neither criterion. *Id*. Instead, the Court concluded that the rebuttal phase of trial was "too late" for the appellants to come up with new expert testimony, and that "the time to do so was when they presented their case," because the evidence in question solely supported their case-in-chief. *Id*.

Here, as in *Allen*, Defendants attempt to characterize evidence that plainly belongs in their case-in-chief as "rebuttal," but this is an argument for which they do not offer any legal support. Any expert testimony offered by the Corizon medical experts would do nothing more than support the VDOC's position in this litigation that the medical care provided at FCCW does not violate Eighth Amendment standards. As such, the their testimony would be admissible only as evidence constituting a fundamental part of the VDOC's case-in-chief; not as "rebuttal" to the opinions offered by the Plaintiffs' expert. As explained in *Allen*, there is nothing "new" about the Corizon expert witnesses' testimony that would allow it to be properly classified as

-8-

"rebuttal." Corizon timely designated its medical experts pursuant to the scheduling orders for use in Corizon's case-in-chief, and the substance of their testimony regarding the medical care provided to Plaintiffs is proper only as an aspect of Defendants' case-in-chief. For that matter, Defendants cannot claim that testimony from these belatedly disclosed experts is permissible "rebuttal" evidence based on either "surprise" or prior unavailability. *Allen*, 737 F.2d. at 1305. As discussed above, the nature and substance of Plaintiffs' claims have been apparent since the complaint was filed in July 2012, and Dr. Greifinger's expert opinions were disclosed to Defendants on April 25, 2014. Corizon disclosed its expert witnesses and the substance of their opinions to Plaintiffs and Defendants on June 13, 2014 (more than three months prior to the filing of the instant motion). As I have already discussed, Defendants did not make a timely attempt to avail themselves of these witnesses' opinions. The Corizon medical experts were not "unavailable" to the VDOC Defendants, and, as such, the testimony these witnesses would provide does not constitute "rebuttal" evidence.

**V.**

Accordingly, Defendants' motion for leave to supplement their Rule 26(a)(2) disclosure of expert testimony will be **DENIED**. An appropriate order accompanies this memorandum opinion.

**ENTERED** this ___22nd___ day of October, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE