**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| CYNTHIA B. SCOTT, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | Case No. 3:12-cv-00036-NKM |
| v. | ) | Sr. Judge Norman K. Moon |
| | ) | |
| HAROLD W. CLARKE, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## JOINT STATUS REPORT REGARDING SETTLEMENT

In response to this Court's informal request, Plaintiffs Cynthia B. Scott, *et al*. and Defendants Harold W. Clarke, *et al*., by their respective undersigned attorneys, hereby jointly advise the Court as follows:.

1.      Pursuant to a settlement agreement in principle reached between the parties, they entered into a Memorandum of Understanding ("MOU") on November 25, 2014, setting forth a framework for progression towards a final Settlement Agreement.  In accordance with their intentions, the parties filed a Joint Notice of Settlement (ECF Dkt. No. 204), pursuant to which this case was removed from the Court's trial calendar.

2.      Per the provisions of the MOU, each side selected an expert/consultant with respect to correctional health care to assist the parties and work in collaboration with one another on  a comprehensive evaluation of the Virginia Department of Corrections Operating Procedures and Treatment Guidelines governing the provision of medical care to prisoners at FCCW in order that such Procedures and Guidelines reflect standards that, as implemented, will satisfy the VDOC's obligation to provide constitutionally-adequate medical care to prisoners within its custody.

3.      The parties' designated experts/consultants jointly recommended that Dr. Nicholas Scharff, the former Medical Director for the Commonwealth of Pennsylvania Department of Corrections, be appointed to serve as the Compliance Monitor who will undertake a periodic, on-going evaluation of the VDOC's performance of its obligations to provide constitutionally-adequate medical care to the women residing at FCCW in accordance with the requirements of the Eighth Amendment and the provisions of the parties' Settlement Agreement. Dr. Scharff has accepted the appointment.

4.      At the point in time at which the tasks described in the preceding paragraphs, which are well underway, have been completed, the MOU gives the parties a period of thirty (30) days within which to complete the preparation of their written Settlement Agreement.

5.      Because the Plaintiffs sought and successfully obtained certification of a class in this case (*see* ECF Dkt. Nos. 188, 189), the parties' Settlement Agreement must be submitted to this Court for approval pursuant to Fed. R. Civ. P. 23(e), upon the provision of reasonable notice to affected class members regarding the terms of the Agreement and the conducting of a Fairness Hearing at which any submissions by class members in favor of or opposed to the Agreement may be presented to and considered by the Court.

6.      Based on the degree of progress made by the parties thus far under the provisions of the MOU, they believe it is reasonable and realistic to project that they will present their written Settlement Agreement to the Court by no later than May 28, 2015, with the Class Notice period and scheduling of the Fairness Hearing to proceed as expeditiously as possible thereafter.

7.      Under the MOU, the parties are obligated to exercise their best efforts to reach a negotiated resolution concerning the measure of attorneys' fees and litigation costs incurred by the Plaintiffs that they shall recover from the VDOC.  If the parties are unable to agree, the

Plaintiffs may submit a petition to this Court for a determination of the measure of fees and costs they are to be awarded as the prevailing parties in this action pursuant to 42 U.S.C. § 1988.

      8.      Counsel for the parties would be pleased to respond to any questions or concerns the Court may have with respect to any of the information set forth above.

DATED:      April 21, 2015

Respectfully submitted,

Mary C. Bauer, VSB No. 31388
(mary@justice4all.org)
Abigail Turner, VSB No. 74437
(abigail@justice4all.org)
Brenda E. Castañeda, VSB No. 72809
(brenda@justice4all.org)
Anglea Ciolfi, VSB No. 65337
(anglea@justice4all.org)
Erin M. Trodden, VSB No. 71515
(erin@justice4all.org)
Ivy A. Finkenstadt, VSB No. 84743
(ivy@justice4all.org)
LEGAL AID JUSTICE CENTER
1000 Preston Ave., Suite A
Charlottesville, VA  22903
(434) 977-0553

      and

Deborah M. Golden (admitted *pro hac vice*)
(Deborah_Golden@washlaw.org)
Elliot Mincberg
WASHINGTON LAWYERS' COMMITTEEE FOR
  CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W.
Suite 400
Washington, D.C.  20036
(202) 319-1000

      and

Richard C. Vorhis, VSB No. 23170
(rvorhis@oag.state.va.us)
J. Michael Parsons, VSB No. 68520
(jparsons@oag.state.va.us)
James M. Isaacs, VSB No. 38232
(jiaacs@oag.state.va.us)
Kate E. Dwyre, VSB No. 82065
(kdwyer@oag.state.va.us)
Correctional Litigation Section,
Criminal Justice and Public Safety
  Division
OFFICE OF THE ATTORNEY GENERAL
900 East Main Street
Richmond, VA  23219
(804) 784-0046

By:   **/s/J. Michael Parsons**

Attorneys for Defendants

3

Theodore A. Howard (admitted *pro hac vice*)
([thoward@wileyrein.com](mailto:thoward@wileyrein.com))
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C.  20006
(202) 719-7000

By:    **/s/Brenda E. Castañeda**

    Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of April 2015, a true and correct copy of the

foregoing Joint Status Report Regarding Settlement was served *via* electronic mail upon the

following:

> Richard C. Vorhis, Esq.
> (rvorhis@oag.state.va.us)
> J. Michael Parsons, Esq.
> (jparsons@oag.state.va.us)
> Correctional Litigation Section, Criminal
>   Justice and Public Safety Division
> OFFICE OF THE ATTORNEY GENERAL
> 900 East Main Street
> Richmond, VA  23219
>
> Attorneys for Defendants

**/s/Brenda E. Castañeda**

Brenda E. Castañeda
