IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CYNTHIA B. SCOTT, ET AL.,<br>  *Plaintiffs*,<br>v.<br>HAROLD W. CLARKE, ET AL.,<br>  *Defendants*. | CIVIL ACTION NO. 3:12-CV-00036<br><br>**O R D E R**<br><br>NORMAN K. MOON<br>UNITED STATES DISTRICT JUDGE |

**ORDER GRANTING THE PLAINTIFFS' CONSENT MOTION
FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

The Plaintiff Class (collectively, "the Plaintiffs") and Defendants Harold W. Clarke, A. David Robinson, Frederick Schilling and Tammy Brown, each in their official capacities as representatives of the Virginia Department of Corrections ("the VDOC Defendants"), have agreed upon the substantive provisions of a Settlement Agreement. The Agreement seeks to resolve all of the Plaintiffs' claims in the above-styled case regarding allegations of deliberate indifference to their serious medical needs while confined at the Fluvanna Correctional Center for Women ("FCCW") in violation of the Eighth Amendment's ban on cruel and unusual punishment.

This Court certified a class under Fed. R. Civ. P. 23(b)(2) to include all women who currently reside or will in the future reside at FCCW and who have sought, are currently seeking or will seek adequate, appropriate medical care for serious medical needs, as required by the Eighth Amendment. *See* docket no. 188.

The Plaintiffs and the VDOC Defendants stipulate and agree that the prospective relief in the Settlement Agreement is narrowly drawn, extends no further than necessary to correct the violations of federal rights at FCCW as alleged by Plaintiffs in the Second Amended Complaint,

is the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of a criminal justice system.

Based on the Court's previous rulings certifying the Class, granting partial summary judgment for the Plaintiffs and denying summary judgment to the Defendants, as well as the Court's initial review of the Settlement Agreement, and pending a final determination after a Fairness Hearing to be held in accordance with the class action notice and comment process set forth in Rule 23( e) of the Federal Rules of Civil Procedure, the Court hereby **FINDS** as follows:

1. The Plaintiff Class fully exhausted the administrative remedies available to them;

2. VDOC has a non-delegable duty under the Eighth Amendment to provide to all prisoners within its custody, including Plaintiffs, medical care that meets constitutionally minimum standards, without regard to whether day-to-day medical services are contractually provided;

3. The undisputed material facts establish that the original named Plaintiffs and several other members of the Class who offered sworn Declarations attesting to significant health problems have serious medical needs representative of the Class as a whole, which, absent treatment, could give rise to further significant injury and the unnecessary infliction of pain;

4. The Plaintiffs have presented ample evidence in their filings supporting class certification, their Motion for Partial Summary Judgment, and their response in opposition to the VDOC's Motion for Summary Judgment, enabling a fact-finder to reasonably conclude that the VDOC Defendants are or have been deliberately indifferent to the serious medical needs of the Plaintiff class;

5. The proposed Settlement Agreement appears, upon preliminary review, to be (a) fair, adequate, and reasonable in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free from collusion among the Plaintiffs and the VDOC Defendants to the detriment of class members, and (c) within the range of reasonableness to support possible final approval;

6. This Court has no reason to doubt the proposed Settlement Agreement's fairness and adequacy; the Settlement Agreement has no obvious deficiencies; and the Settlement Agreement does not grant preferential treatment to the Plaintiff Class Representatives; and

7. The proposed Settlement Agreement does not violate the Constitution, any statute,

or relevant jurisprudence. Rather, the prospective relief established by this Settlement Agreement is narrowly drawn, extends no further than is necessary to address and remedy the violations of federal rights alleged by the Plaintiffs in their pleadings in this action, is the least intrusive means necessary to correct these alleged violations, and will not have any adverse impact on public safety or the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a) & (c).

Accordingly, on this sixteenth day of September, 2015, in the United States District Court for the Western District of Virginia, it is hereby **ORDERED** as follows:

1. The Court hereby grants the Plaintiffs' Consent Motion for Preliminary Approval of the Settlement Agreement;

2. Exhibit 2 to the Plaintiffs' Memorandum (Notice to All FCCW Prisoners About Settlement in Scott v. Clarke) is approved and shall be distributed as follows:

> a. The VDOC Defendants shall, within seven (7) calendar days of entry of this Order, provide a written copy of the Notice of Proposed Settlement to each individual prisoner housed at the Fluvanna Correctional Center for Women. This shall include, but not be limited to, the providing a copy of the Notice to each prisoner housed in a maximum custody unit, in segregation, in the mental health units, in the infirmary or otherwise held in isolation.
>
> b. The VDOC Defendants shall, within seven (7) calendar days of entry of this Order, post a copy of the Notice in each general population housing unit, in the library, and in the law library, and shall ensure that the Notice remains posted until the Court makes its final determination on approval of the Proposed Settlement. At least five (5) copies of the Settlement Agreement, including all appendices, shall be available for review by prisoners in each of the prison libraries. Such copies shall be available for prisoners to inspect from at least 9:00 a.m. to 9 p.m., Monday through Saturday.
>
> c. Prisoners who are not permitted physical access to a library shall be allowed to check out a copy of the Settlement Agreement, including all appendices, upon request.
>
> d. The VDOC Defendants shall file and serve on Plaintiffs' counsel a sworn declaration affirming that the notices were provided to each individual prisoner and published as required by the Court's order.

3. The Plaintiffs' counsel is authorized to meet with FCCW prisoners individually, or in groups if more than ten (10) request to meet with counsel, to answer questions and

explain the details of the proposed Settlement.

4. Within seven (7) calendar days of entry of this Order, the VDOC Defendants shall mail the Notice and documents required by 28 U.S.C.A. § 1715 of the Class Action Fairness Act (CAFA) to the Attorney General of the United States. The VDOC Defendants shall file a Notice with the Court upon completion of the required CAFA mailings.

5. The Court schedules a Fairness Hearing for **Monday, November 9, 2015, at 11:00 a.m.** to determine whether the settlement of this action on the terms and conditions provided for in the proposed Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court and whether to approve the request of Class Counsel for payment of attorneys' fees and reimbursement of litigation costs;

6. Class Counsel shall file their Motion for attorneys' fees and costs no later than 21 days before the Fairness Hearing if the parties are unable to reach a negotiated resolution. The VDOC Defendants shall make this Motion available for review by prisoners upon request.

7. All memoranda, affidavits, declarations, and other evidence in support of the request for final approval of the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and costs shall be filed on or before **Monday, October 19, 2015**;

8. Any member of the Class may enter an appearance on his or her own behalf in this action through that class member's own attorney (at the class member's own expense), but need not do so. Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

9. Any member of the Class may write to the Court about her opinions on the fairness of the proposed Settlement and/or the Plaintiffs' Motion for attorney fees. The Court will consider the written communications of the class members when deciding whether to approve the Settlement. Comments regarding the fairness of the settlement must include the case name, Scott v. Clarke, and case number, at the top of the first page. A written comment must contain the author's full name and include all objections and the reasons for them, and must be signed by the class member. Comments must be postmarked by **Thursday, October 29, 2015**, and must be sent to the following address:

> Clerk of the Court
> United States District Court
> 255 West Main Street Room 101 Charlottesville, VA 22902

A Class Member who desires to comment but fails to comply with the

above-described objection procedure and timeline shall be deemed not to have objected, and that Class Member's objections shall not be heard or considered at the hearing.

10. Alternatively, any Class Member who chooses to appear by a representative may appear at the Fairness Hearing to show cause why the proposed Settlement Agreement should or should not be approved as fair, reasonable, adequate, and in good faith, and/or why the request of Class Counsel for approval of attorneys' fees and costs should or should not be approved as fair and reasonable. However, no person shall be heard at the Fairness Hearing to contest the approval of the terms and conditions of the proposed Settlement Agreement or the fees and costs requested by Class Counsel, unless that person (a) has sent or delivered written objections and copies of any supporting papers and briefs so that they are received no later than **Thursday, October 29, 2015**, to Class Counsel and counsel for the VDOC Defendants, and (b) has filed objections, papers, and briefs with the Clerk of the United States District Court for the Western District of Virginia, postmarked on or before the same date.

11. Any Class Member who does not submit an objection as provided in paragraphs 9 or 10 shall be deemed to have waived any objection to the Settlement Agreement that she may have and shall forever be forbidden from making any objection to the fairness, adequacy, or reasonableness of the Settlement, or to the attorneys' fees and costs approved.

12. The Court may adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and may approve the proposed Settlement Agreement and request for approval of attorneys' fees and costs at or after the originally-scheduled Fairness Hearing.

13. The Court shall have continuing jurisdiction, during the term of this Settlement Agreement, to enforce the Agreement's terms, and to enforce the Final Judgment.

It is so **ORDERED**.

The Clerk of the Court is **DIRECTED** to send a certified copy of this order to all counsel of record.

**ENTERED** this sixteenth day of September, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

Case 3:12-cv-00036-NKM-JCH   Document 222   Filed 09/16/15   Page 5 of 5   Pageid#: 4163