U. S. Court Ordered Legal Notice to All Women Held at FCCW

## Notice of proposed settlement of lawsuit about inadequate medical care at Fluvanna Correctional Center for Women

The Virginia Department of Corrections (VDOC) has agreed to settle a class action lawsuit about conditions in the Fluvanna Correctional Center for Women (FCCW). Five women filed the lawsuit in July 2012. They said the inadequate medical care services at Fluvanna prison violated the 8th Amendment to the U.S. Constitution's ban on cruel and unusual punishment.

These officials in the Department of Corrections are involved in the suit: Director, Harold Clarke; Director of Operations, David Robinson; Medical Services Director, Fred Schilling; and the Fluvanna Warden. During the whole case, the DOC has denied that it or its contractors failed to provide adequate care.

This notice describes (1.) the lawsuit; (2.) the proposed terms of Settlement; and (3.) your legal rights. It tells you how to object if you disagree with the Settlement.

1.     **Background on the suit.**

**The lawsuit asked the federal court to order DOC to provide adequate medical care under the U.S. Constitution.** The lawsuit does not involve money damages, so whether this case settles or goes to trial, no woman will obtain money from VDOC. Nothing in the Proposed Settlement prevents you from filing a separate lawsuit for money against VDOC.

**The class**. U. S. District Court Judge Norman Moon approved the case as a class action. The class is all women at Fluvanna, now or in the future, who have asked for or will ask for medical care for serious medical needs. If the Court approves this Settlement, this Settlement will affect your rights.

**Court rulings.** On November 20, 2014, Judge Moon ruled:

    a.     As a class, the women at FCCW suffer from, or may in the future suffer from, "serious medical needs."
    b.     A number of the women who sued and other members of the class fully exhausted the Offender Grievance Procedure and had a right to bring this lawsuit for a class of prisoners.
    c.     The VDOC cannot delegate its duty to provide constitutional medical care to a private contractor. VDOC must ensure adequate care for serious medical needs.
    d.     The facts did not support VDOC's argument that it had provided constitutional care.

**Preliminary agreement.** Just before the trial set for December 1, 2014, the women who filed the suit and the VDOC agreed to reach settlement through negotiations on standards

for health care at FCCW. With their lawyers, the women decided that an agreement (1.) allowed changes to more types of inadequate medical care than would a trial; and (2.) medical care could improve much faster than waiting for a court order after trial and possible appeals. These could take 18 months or longer. The women had advice from Dr. Robert Greifinger, a national expert on prison medical care.

2. **Proposed terms of settlement.** The women and the VDOC have proposed an Agreement that will, if approved by the Court, settle this case. A summary of the Settlement follows:

    a.    **VDOC will provide constitutionally adequate medical care.**

    b.    **VDOC's Operating Procedures about medical care at FCCW will change.** VDOC has agreed to changes in the medical Operating Procedures for FCCW as recommended by the women's and VDOC's medical experts. Highlights of the changes are:

        i.    **Medical staff** will be adequate to provide timely evaluation and treatment.

        ii.    **Intake** screening will be done so that urgent health needs are met. Patients on medicine for acute or chronic conditions at time of intake will have continuity of medication.

        iii.    **Sick call** requests for non-emergency care will be screened for urgency within 24 hours. Women with urgent problems or worsening chronic conditions should see a physician or nurse practitioner in less than 72 hours.

        iv.    **Co-pays.** All medical co-pays will be suspended for 6 months. After 6 months, co-pays will start again. No co-pays will be charged for medications for chronic conditions, emergency care, or treatment of communicable diseases (e.g., MRSA, HIV, and HCV). Co-payments will not be charged until the service is performed or the first dose of ordered medication is provided. Whether any co-pays will be charged for wheelchairs, walkers, prosthetics, or for medical equipment that FCCW provides to woman to accommodate disabilities, will be determined by negotiations between the Plaintiffs' counsel, the VDOC's counsel and the Compliance Monitor.

        v.    **Diagnosis and Treatment.** Access to medical care will include adequate pain management for acute and chronic conditions. Guidelines for treatment of Hepatitis B and C, soft tissue infections (MRSA) and urinary tract infections have been updated. Physical Therapy will be available on-site or off-site, as prescribed by the patient's physician.

Women may speak confidentially with medical providers at FCCW and in hospitals. Security staff may watch but will be out-of-hearing range, and shall otherwise maintain the confidentiality of the communications.

vi. **Medicines** will be given on time. Continuity of medicines and renewal of prescriptions will occur when clinically appropriate. Pill line will occur indoors during bad weather. Morning pill call will be no earlier than 5:30 a.m.

vii. **Chronic Care** patients with conditions such as hypertension, diabetes, cancer and other diseases will be monitored every 6 months if their condition is controlled and stable. If not, they will be monitored at least every 3 months.

viii. **Medical Equipment/Supplies** (prostheses, wheelchairs, adult diapers, bandages, etc.) will work, and supplies will be ordered, maintained and provided for daily use, as medically necessary.

ix. **Medical Emergency** response will be timely. Emergency medications, supplies and equipment will be maintained and readily available.

vii. **Infirmary** care will include infectious disease control; sanitation and hygiene; privacy; heat and hot water; functioning medical equipment; and adequate staffing. Infirmary patients will have access to recreation and programming, unless limited by their medical conditions.

ix. **Referrals to specialists** will be timely. New referrals should happen within 30 days. If it takes more than 30 days to get an appointment, a physician will examine the patient at least monthly. Any decision to refuse to follow or to amend the outside specialists/consultants' recommendations will state reasons in writing and will be placed in the medical record.

x. **Access to Medical Information.** Women will timely receive written results of laboratory and diagnostic tests and the recommendations of consulting doctors, including after hospital treatment. The first copy will be free.

Women will have access to the changes in written medical standards agreed to in this Settlement, including the Operating Procedures, the Guidelines and the Monitor's tools for measuring performance, except where confidential under Virginia law. Copies will be available in several places at the prison.

xi. **The Medical Grievance Process** will include logging of grievances, regular analysis of the number and topics of filed grievances to identify trends or systemic problems. Staff will respond to grievances in a meaningful and timely manner.

xii. **Accommodations for Disabilities.** FCCW will make reasonable accommodations for women with physical and mental disabilities. These will include medical and mental health care, physical plant accommodations, medication, and protection from heat injury, skilled nursing care, and programming. Women with disabilities will have access to medical services in Building 2 and wheelchair access in dining halls.

Staff will not discipline women for their disabilities. Women will be provided toilet access, consistent with their medical needs as determined by a medical practitioner.

Medical profiles for use of bottom bunks will be available to pregnant women and others whose physical disabilities or illnesses make climbing to an upper bunk infeasible.

xiii. **Terminally-Ill women** will have a program at FCCW to address their needs including palliative care, pain management, and voluntary hospice care. Staff will recommend transfer or early release where medically appropriate.

xiv. **Mortality Reviews.** Within 30 days of a death, the Medical Director will complete a review of the care provided, including whether the death was preventable and how the care might have been improved.

3. **A Compliance Monitor will measure compliance with new standards.** Dr. Nicholas Scharff will be the Compliance Monitor who decides if health care at FCCW is adequate. He will visit FCCW regularly to evaluate whether the medical care meets the agreed upon standards. He will examine all parts of medical care at FCCW, including medical records and grievances. He can meet with any woman, or medical and security employees. All talks with the Monitor will be confidential, but security staff may watch out-of-hearing distance unless the Monitor requests otherwise.

No woman may be retaliated against because of talking with or writing the Monitor.

The Compliance Monitor will write a report about the status and quality of the medical care each time he goes to FCCW. He will rate the medical care as non-compliant, partially compliant, or fully compliant with the standards. Women's privacy will be protected in the reports.

The Monitor will give a draft report to the lawyers for the women and to VDOC. Each side may make suggestions for changes in the draft. The Monitor's final reports will be public information. Women may read the reports at the FCCW prison library.

4. **The class may enforce the Agreement in the U.S. District Court.** If the Monitor finds any part of the medical care to be constitutionally inadequate, he will give VDOC 30 days to fix the problem. If the women notify their lawyers of constitutionally

deficient medical care, the women's lawyers may also give DOC notice in writing. Then DOC has 30 days to fix the problem. This does not replace the need for you to continue to use the grievance process.

If DOC does not fix a problem in 30 days, whether it was brought to VDOC's attention by the Monitor or by Plaintiffs' counsel, the women's lawyers may ask the Judge to order DOC to comply with the Constitution and/or the Settlement Agreement, or to hold DOC in contempt of court, or both.

If a medical emergency poses a substantial threat of immediate harm, the women's lawyers do not have to give DOC 30 days' notice before going to court.

**Agreement terminates.** The Agreement will be in effect for at least 3 years unless the parties determine otherwise. After that, it will end when the Monitor finds that DOC has provided medical care which is constitutionally adequate on a consistent basis for at least 1 year.

**Information sheet.** If the Judge signs the Agreement, all women at Fluvanna and all future women who come to Fluvanna will get an Information Sheet about the standards for medical care and the other terms of the Settlement.

     5.    **Attorneys' fees and costs.** As provided in the Settlement Agreement, the parties agree that, under the Civil Rights Attorneys' Fees Award Act, their lawyers will get attorneys' fees and the costs they spent conducting the suit. The women's lawyers will give VDOC a list of hours and costs. If the amount of fees cannot be successfully negotiated, the women's lawyers will ask the Judge to decide the amount of the fees and costs to award.

If a Petition for Fees and Costs must be submitted to the Court for a ruling, the Plaintiffs will seek at least $2.3 million in fees and $150,000 in costs.

     6.    **Your legal rights and options.**

     a.    **If you agree, do nothing.** If you agree with the Settlement, you do not have to do anything. As a class member, you will get all of the benefits of the improved medical care.

     b.    **If you object to the Settlement.** If you think the Settlement is improper or unfair and want to tell the Court why it should not be approved, you must file an objection in writing. Objections must include:

     i.    The name and number of this lawsuit: *Scott v. Clarke,* Case No. 3:12-cv-00036;
     ii.    Your full name, prisoner number and current address;
     iii.    What exactly you object to and why you object;
     iv.    Your signature.

Mail the objection by *October 29, 2015,* to

Clerk of the United States District Court
255 W. Main Street
Charlottesville, Va. 22903

FCCW will give you paper, envelope and a stamp to write the Court.

c.   **You can appear in the lawsuit through your own attorney.** Any woman may obtain an attorney to appear on her behalf in this lawsuit, at her own expense.

d.   **Fairness Hearing.** After reviewing your comments, the Court will have a hearing on _November 9_, 2015, at _11_ a.m. in the Federal District Court in Charlottesville, Virginia, to decide whether to approve the Settlement Agreement. If the Judge finds that the Settlement Agreement is fair, adequate and a reasonable compromise, then the Settlement Agreement will become final. If the Judge does not approve the Settlement Agreement, it will be void, and the case will go to trial. However, if that happens, no one can assure that: (a.) any decision at trial will be in favor of the women; (b.) any favorable trial decision will be as good as the Settlement Agreement; or (c.) any decision after a trial would be upheld on appeal.

e.   **How do I find out more?** This summary does not cover all terms of the Proposed Settlement. If you want to read a full copy, you may ask Legal Aid to send you one or you may ask to see a copy at the prison library or prison law library.

If you want more information or do not understand this Notice, **contact:**

**Brenda Castañeda, Esq.**
**Legal Aid Justice Center**
**1000 Preston Ave., Ste. A**
**Charlottesville VA 22903**

By phone, 1-434-529-1849. You may call collect.

**By email at** brenda@justice4all.org.

If more than 10 women ask for a legal visit about the Settlement, the Legal Aid lawyers can come to FCCW to meet with you in a group about the terms of the Settlement.

**Please do not call the U.S. District Court
or the lawyers for the Department of Corrections.**

_9/16/2015_
Date

_[signature]_
U.S. District Judge

6