# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **CYNTHIA B. SCOTT,** *et al.*, | ) | |
| *Plaintiffs,* | ) | **CASE NO. 3:12-CV-00036** |
| | ) | |
| v. | ) | |
| | ) | **FINAL JUDGMENT ORDER** |
| **HAROLD W. CLARKE,** *et al.*, | ) | |
| | ) | **By: Norman K. Moon** |
| *Defendants.* | ) | **United States District Judge** |

The Plaintiff Class (collectively, "the Plaintiffs") and Defendants Harold W. Clarke, A. David Robinson, Frederick Schilling, and Tammy Brown, each in their official capacities as representatives of the Virginia Department of Corrections ("the VDOC Defendants"), have agreed upon the substantive provisions of a Settlement Agreement. The Court previously certified a class under Fed. R. Civ. P. 23(b)(2) to include all women who currently reside or will in the future reside at the Fluvanna Correctional Center for Women ("FCCW") and who have sought, are currently seeking or will seek adequate, appropriate medical care for serious medical needs, as required by the Eighth Amendment. (Dkts. 188 & 189).

The Court gave preliminary approval of the Settlement Agreement on September 15, 2015. (Dkt. 222). The Settlement Agreement resolves the issues set forth in Plaintiffs' Amended Complaint (*see* dkt. 58) as to all members of the Plaintiff Class. A fairness hearing was held on November 9, 2015, regarding final approval of the Settlement Agreement. The parties have also reached an agreement regarding the amount of attorneys' fees and costs to be awarded to Plaintiffs in this matter. (*See* dkts. 226 & 258).

In accordance with the Court's Findings of Fact and Conclusions of Law entered contemporaneously herewith, it is **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Final approval of the Settlement Agreement is **GRANTED**, and the Settlement

       Agreement is deemed implemented as of the date of entry of this order;

2. Plaintiffs' motion for attorneys' fees and costs (dkt. 226) is **GRANTED** in part. Plaintiffs are awarded one million five hundred thousand dollars ($1,500,000.00) in attorneys' fees and costs;

3. As contemplated by the Settlement Agreement, the Court shall retain jurisdiction for purposes of ensuring the implementation of the Settlement Agreement and shall preside over such further proceedings as may be necessary or appropriate to enforce its terms and conditions.

The Clerk of the Court is directed to strike this matter from the active docket of the Court. The Clerk is further directed to send a certified copy of this Order to all counsel of record.

Entered this  5th   day of February, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE