CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
June 4, 2018
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CYNTHIA B. SCOTT, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> HAROLD W. CLARKE, ET AL., <br><br> Defendants. | CASE NO. 3:12-cv-00036 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

Less than two weeks before a scheduled week-long contempt hearing on whether Defendants have complied with the settlement agreement in this Eighth Amendment class action, Defendants filed a 47-page summary judgment motion with 61 attachments. The motion is **DENIED**.

First, nothing in the Court's prior orders contemplates or provides for such a motion. Indeed, the Court made clear four months ago that it intended to hear live testimony and evidence on the motion for a show cause order regarding contempt. (Dkt. 312). The parties have been engaged in substantial discovery since then and have no doubt relied upon that order of operations in preparing their positions.

Second, this case is not at the merits stage. It is at the contempt stage after the parties reached a substantive settlement of the issues. The normal pretrial motions at the merits stage, like summary judgment, therefore seem inapt.

Third, even if the Court had contemplated summary judgment submissions, and even if such proceedings are generally proper at the contempt phase, the motion is exceptionally late. Under all prior scheduling order in the case that *did* provide summary judgment deadline, any such motion was due several weeks or months (not mere days) in advance. *E.g.*, dkts. 83, 105. Relatedly, under both this Court's standard pretrial order and the local rules of this District, an

opposing party is entitled to fourteen days to respond. The timing of Defendants' motion deprives Plaintiffs of that opportunity, and it would force them to divert substantial resources in advance of the contempt hearing to address the expansive motion.

Finally, Defendants are not prejudiced by this denial. At this late stage after months of discovery, pre-hearing evidentiary investigation is substantially complete. The parties are now well into the throes of final preparation for the hearing. And this Order does not decide any factual or legal issue raised by Defendants' motion, leaving them free to develop those evidentiary and legal arguments at the hearing and in any post-hearing briefs the Court may permit.

Plaintiffs' motion to strike the summary judgment motion is **DENIED as moot**.

Entered this  4th  day of June, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE