CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/02/2019
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CYNTHIA B. SCOTT, *ET AL.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>HAROLD W. CLARKE, *ET AL.*,<br><br>*Defendants.* | CASE NO. 3:12-cv-00036<br><br>INJUNCTION<br><br>JUDGE NORMAN K. MOON |

In accordance with the accompanying findings of fact and conclusions of law, it is **ORDERED** as follows:

1) Pursuant to Federal Rule of Civil Procedure 65(d)(1)(A), this injunction is issued for the reasons set forth in the Court's findings of fact and conclusions of law, namely: The Court has jurisdiction to enforce the terms of the parties' Agreement to provide for constitutionally adequate medical care, and Defendants are in violation of those terms.

2) As used in this injunction:

   a. "Defendants" means, in their official capacities, VDOC Director Harold W. Clarke; VDOC Chief of Corrections Operations A. David Robinson; VDOC Director of Health Services Stephen Herrick; and FCCW Warden Eric Aldridge.

   b. "Plaintiffs" means class representatives Melissa Atkins, Cynthia B. Scott, Toni Hartlove, and all members of the class, previously certified by the Court, of present and future inmates at FCCW.

   c. "FCCW" means the Fluvanna (Va.) Correction Center for Women.

   d. "VDOC" means Virginia Department of Corrections.

   e. "Agreement" means the Settlement Agreement between Defendants and Plaintiffs that was filed in this action on September 15, 2015 (dkt. 221-1) and approved by

the Court's February 5, 2016 Final Judgment Order and the Court's February 5, 2016 Findings of Fact and Conclusions of Law.  (Dkts. 261, 262).

    f. "Shall" means must and denotes a mandatory obligation.

    g. "Nurse(s)" means either license practical nurse (LPN) or registered nurse (RN).

    h. "Compliance monitor" means Dr. Nicholas Scharff, the compliance monitor under the Agreement, or any successor compliance monitor.

3) Nothing in this injunction is intended to relieve, or shall be construed as relieving, Defendants of any obligation they otherwise possess under the Agreement or the Eighth Amendment.  Nothing in this injunction is intended to diminish, or shall be construed as diminishing, any right possessed by Plaintiffs under the Agreement or the Eighth Amendment.

4) The Court finds—after giving substantial weight to any adverse impact on public safety or the operation of the criminal justice system—that this injunction is narrowly drawn to extend no further than necessary to remedy the violation of Plaintiffs' Eighth Amendment rights as provided for by the parties in the Agreement, and that this injunction is the least intrusive means necessary to do so.

5) Within 45 days from the date of entry of this injunction, Defendants shall:

    a. continuously staff FCCW with the equivalent of seventy-eight full-time nurses. Defendants shall document their daily staffing levels and makes such document(s) available to the compliance monitor.

    b. train FCCW nurses, and any other individuals who dispense medication to Plaintiffs, on how and when to reorder or refill medications to ensure a continuity of supply.

– 2 –

Case 3:12-cv-00036-NKM-JCH   Document 545   Filed 01/02/19   Page 2 of 5   Pageid#: 13192

c. train FFCW nurses on the importance of, and how to, accurately record or chart the distribution of medication, as well as a patient's vital signs, including but not limited to weight and pulse rate.

d. train FCCW nurses about timely responding to medical emergency, and about how to identify and address signs of cardiovascular and pulmonary afflictions.

6) Any nurse not currently working at FCCW but who begins working at FCCW shall also receive, as soon as reasonably possible, the training required in paragraph 5.

7) Within 60 days from the date of entry of this injunction, Defendants shall submit a report to the compliance monitor detailing the steps taken to effectuate the requirements in paragraph 5.

8) Within 14 days from the date of entry of this injunction, Defendants shall place—in a conspicuous, well-known, and readily available location in every FCCW building that houses at least one Plaintiff—the following equipment: a backboard or stretcher; an oxygen tank and mask; and a suction machine.

9) Within 30 days from the date of entry of this injunction, Defendants shall develop a protocol ensuring unimpeded access to timely medical care. In developing this protocol, Defendants shall:

a. take into account the three-year delay for a colonoscopy experienced by Andrea Nichols, as well as the delay in timely and appropriate care experienced by Carolyn Liberato, Deanna Niece, and Marie Johnson;

b. consider how similar experiences can be prevented the future, and;

– 3 –

> c. evaluate the deficiencies in FCCW's sick call process (including the failure to screen sick calls within 24 hours and make provider referrals within 72 hours) and document specific actions Defendants will take to remedy them.

10) Within 45 days from the date of entry of this injunction, Defendants shall submit to the compliance monitor and Plaintiffs' counsel the protocol Defendants developed in accordance with paragraph 9 and documentation showing their satisfaction of the requirements in parts (a) through (c) of paragraph 9.

11) Defendants shall ensure all future mortality reviews of deaths at FCCW contain a heading entitled "self-critical analysis" and contain, under that heading, the reviewer's self-critical analysis of FCCW's medical care of the deceased inmate, including an explanation of how medical care could have been improved. In the event the reviewer concludes medical care could not have been improved, Defendants shall transmit in a nonpublic manner a copy of the review to the Court, the compliance monitor, and Plaintiffs' counsel within seven (7) days of its completion. The compliance monitor and Plaintiffs' counsel shall treat any such copy as confidential information, not to be shared, disseminated, or made public without first obtaining leave of Court.

12) Defendants shall instruct and train all individuals handling medical grievances to provide each grievant a meaningful response (either in writing or orally) addressing the substance of each grievance, even if the substance of the grievance is ultimately found to be unfounded. Defendants shall implement, within 30 days from the date of entry of this injunction, a system of documenting that such a meaningful response is supplied. Such responses shall be conveyed to the grievant in a timely manner, as measured by the nature and seriousness of the grievance at issue.

13) The compliance monitor should evaluate Defendants' satisfaction of paragraphs 5 through 12 and include his views thereon in his periodic reports under the Agreement.

14) Unless otherwise ordered, this injunction shall termination upon termination of the Agreement.

15) This injunction takes effect immediately upon its entry. The Agreement remains in effect.

16) The Court's order to Defendants to show cause why they should not be held in contempt (dkt. 495) is hereby discharged.

Entered this  2nd   day of January, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE