UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CYNTHIA B. SCOTT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HAROLD W. CLARKE, *et al.*, <br><br> *Defendants*. | CASE NO. 3:12-cv-00036 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the R&R from Magistrate Judge Hoppe, addressing Plaintiffs' petitions for award of attorneys' fees following their motion to enforce the Settlement Agreement's quarterly reporting provision. Dkt. 812 (R&R); Dkts. 688, 734 (petitions for award of fees).

In their first petition for attorneys' fees, Plaintiffs sought $11,445.60 for 50.2 hours of work performed in connection with their bringing the motion for enforcement of the Settlement Agreement. R&R at 7–8; Dkt. 688. In their second (supplemental) petition for attorneys' fees, Plaintiffs sought an additional $957.60 for 4.2 hours spent trying to engage Defendants regarding the types of documents they would produce, and to seek mediation. R&R at 8; Dkt. 734. Plaintiffs sought a total of $12,403.20 in attorneys' fees. R&R at 9.

In the thorough and well-reasoned R&R, the magistrate judge considered the parties' arguments, supporting documentation, and applicable law, and recommended that the Court grant in part Plaintiffs' first petition and award Plaintiffs $8,570.80 in attorneys' fees incurred in bringing the enforcement action. R&R at 1, 23–24. The magistrate judge recommended denying the supplemental petition requesting an additional $957.60 in fees related to discussions about

1

document production and the mediation. Id. at 22–23. Though advised of the right to object to the proposed findings and recommendations of the R&R within fourteen days, and that failure to timely file objections may result in waiver of review of the R&R, id. at 24, no party has filed objections within the fourteen-day period.

The Court reviews de novo every portion of an R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). But, where, as here, no objections to an R&R are filed, the Court reviews only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Fed. R. Civ. P. 72 advisory committee's note. In that case, the Court need not provide any explanation for adopting the R&R. Camby v. Davis, 718 F.2d 198, 199–200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

No objections to the R&R have been filed, and the Court can discern no clear error in the R&R. Indeed, the magistrate judge carefully followed the Fourth Circuit's three-step process to calculate a reasonable attorneys' fee award. See McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2014); R&R at 12–22. The Court is of the opinion that the R&R should be **ADOPTED** in its entirety. Dkt. 812. Thus, the Court will **GRANT in part** Plaintiffs' petition for attorneys' fees, Dkt. 688, and **DENY** Plaintiffs' supplemental petition for attorneys' fees, Dkt. 734. Plaintiffs are hereby **AWARDED** $8,570.80 in reasonable attorneys' fees incurred in bringing their motion to enforce the Settlement Agreement.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

Entered this  26th  day of March, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

2