**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1719

CYNTHIA SCOTT, a prisoner residing at Fluvanna Correctional Center for Women, individually and on behalf of all others similarly situated; TONI HARTLOVE, a prisoner residing at Fluvanna Correctional Center for Women, individually and on behalf of all others similarly situated; MELISSA ATKINS, a prisoner residing at Fluvanna Correctional Center for Women, individually and on behalf of all others similarly situated,

    Plaintiffs – Appellants,

 and

BOBINETTE D. FEARCE; BELINDA GRAY; PATRICIA B. KNIGHT; KAREN CHANITA POWELL; MARGUERITE RICHARDS; LUCETIA ROBINSON; REBECCA L. SCOTT, prisoners residing at Fluvanna Correctional Center for Women, individually and on behalf of all others similarly situated,

    Plaintiffs,

 v.

HAROLD W. CLARKE, Director, Virginia Department of Corrections; A. DAVID ROBINSON, Chief of Corrections Operations, Virginia Department of Corrections; STEPHEN M. HERRICK; ERIC ALDRIDGE; PAUL TARGONSKI, in his official capacity as Medical Director for the Fluvanna Correctional Center for Women,

    Defendants – Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, Senior District Judge. (3:12-cv-00036-NKM-JCH)

Argued: January 28, 2021            Decided: April 22, 2021

Before KING, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Theodore A. Howard, WILEY REIN LLP, Washington, D.C., for Appellants. Nathan H. Schnetzler, FRITH, ANDERSON & PEAKE, PC, Roanoke, Virginia, for Appellees. **ON BRIEF:** Angela Ciolfi, Brenda E. Castañeda, Abigail Turner, Shannon M. Ellis, LEGAL AID JUSTICE CENTER, Charlottesville, Virginia, for Appellants. Katherine C. Londos, FRITH, ANDERSON & PEAKE, PC, Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiffs in these class action proceedings — that is, women incarcerated at Virginia's Fluvanna Correctional Center for Women — appeal the district court's entry of an injunction and its failure to find the defendant prison officials in contempt of a 2016 settlement agreement (the "Settlement Agreement"). The defendants — sued in their official capacities only — are Harold W. Clarke, Director of the Virginia Department of Corrections ("VDOC"); VDOC's Chief of Corrections Operations and its Director of Health Services; plus the Warden at Fluvanna Correctional Center and its Medical Director (collectively, the "VDOC Officials"). The challenged rulings were made by the district court in Western Virginia after a bench trial conducted in June 2018. The court's opinion of January 2, 2019, resolved the trial, recited the findings of fact and conclusions of law resulting therefrom, and was accompanied by an injunction. *See Scott v. Clarke*, No. 3:12-cv-00036 (W.D. Va. Jan. 2, 2019), ECF Nos. 544 & 545 (the "Trial Opinion"). In May 2019, after the parties had sought post-trial modifications of the Trial Opinion and the injunction, the court resolved those requests and amended the injunction (the "Injunction"). *See Scott v. Clarke*, No. 3:12-cv-00036 (W.D. Va. May 22, 2019), ECF Nos. 573 & 574. The plaintiffs have appealed and, as explained herein, we affirm.

I.

The plaintiffs initiated these class action proceedings in July 2012, pursuant to 42 U.S.C. § 1983 and the Eighth Amendment. The plaintiffs sought declaratory and injunctive relief against the VDOC Officials with respect to constitutionally deficient medical care

3

allegedly being afforded to them. In November 2014, the district court certified the class, consisting of the plaintiffs and

> all other women who currently reside or will in the future reside at [the Fluvanna Correctional Center] and who have sought, are currently seeking or will seek adequate, appropriate medical care for serious medical needs, as contemplated by the Eighth Amendment.

*See* J.A. 121.[1] In December 2014, the parties — that is, the plaintiffs (including the certified class) and the VDOC Officials — settled their dispute on the eve of trial. Pursuant to the Settlement Agreement, the VDOC Officials agreed to undertake a host of measures designed to ensure that medical care for the class of plaintiffs would meet or exceed constitutional standards. The Agreement included a provision that, if the VDOC Officials failed to uphold their obligations thereunder, the Agreement was enforceable by contempt proceedings.

On September 15, 2015, the Settlement Agreement was submitted to the district court. On February 5, 2016, the court explained its approval thereof and entered an order that approved the Agreement and deemed it implemented (the "Approval Order"). The court retained jurisdiction in the proceedings to oversee, as necessary and appropriate, enforcement of the Agreement's terms and conditions. Although the Approval Order referenced the Agreement, it did not explicitly incorporate its provisions. None of the parties sought appellate review.

---

[1] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

4

For several months after the Settlement Agreement was approved and implemented by the district court, a compliance monitor designated under the Approval Order rendered reports to the plaintiffs and the VDOC Officials that detailed how those Officials were failing to comply with — and were lacking meaningful progress towards compliance with — the requirements of the Agreement. On September 6, 2017, the plaintiffs, relying primarily on the reports by the compliance monitor, sought a show cause order from the court against the VDOC Officials — asking that they be adjudged in contempt — for noncompliance with the Agreement.

In June 2018, following discovery, the district court conducted a week-long bench trial. At the close of the evidence, the court sought and secured post-trial briefing. After filing its Trial Opinion, the court, on May 22, 2019, entered the Injunction that underlies this appeal.

On June 20, 2019, the VDOC Officials timely noted an appeal. On July 3, 2019, the plaintiffs noticed a cross-appeal. Three months later, however, the VDOC Officials withdrew their appeal, which was dismissed on October 3, 2019. The cross-appeal of the plaintiffs is the only appeal left to be resolved, and we possess jurisdiction pursuant to 28 U.S.C. § 1291 and § 1292(a).

II.

In the proceedings underlying this appeal, the VDOC Officials asserted to the district court that it was not entitled to enforce the Settlement Agreement by way of contempt proceedings, in that the Approval Order failed to comply with Federal Rule of

5

Civil Procedure 65(d).[2]  From their standpoint, the plaintiffs did not dispute in the district court the fact that the Approval Order, by not incorporating therein the terms of the Agreement, failed to conform to the mandate of Rule 65(d).  The plaintiffs argued, however, that the VDOC Officials had waived and forfeited their right to contest that issue in that, despite numerous opportunities, they had not timely raised or preserved a Rule 65(d) contention.

In the Trial Opinion, the district court agreed with the VDOC Officials that the Approval Order was not an injunction, and the court acknowledged that, "by referencing but not itself containing the terms of the 28-page Settlement Agreement, [the Approval Order] did not conform to Rule 65." *See* Trial Opinion 26.  The court agreed as well that strict compliance with Rule 65(d) is mandatory and no "mere technical requirement" in this circuit.  *Id.* (quoting *CPC Int'l, Inc. v. Skippy Inc.*, 214 F.3d 456, 459 (4th Cir. 2000)).  The court also found, however, that the Rule 65(d) issue was neither raised nor preserved by the VDOC Officials, and "if ever a case evinced forfeiture of a Rule 65(d) argument, or warranted a functional rather than formalist approach to the rule, it would be this one." *Id.* at 28.  The Trial Opinion emphasized that the VDOC Officials, "upon entry of the [Approval Order], did not raise the Rule 65(d) issue with the Court, and they did not file an appeal." *Id.*

---

[2] Rule 65(d) of the Federal Rules of Civil Procedure governs the form, content, and scope of injunctions and provides, in pertinent part, that "[e]very order granting an injunction . . . must" do the following:  "[s]tate the reason why it issued," "[s]tate its terms specifically," and also "describe in reasonable detail — and not by referring to the complaint or other document — the act or acts restrained or required."

6

As the district court further explained, it was not until 20 months after entry of the Approval Order, in response to the plaintiffs' request for a show cause order, that the VDOC Officials "made (seemingly as an afterthought) a solitary mention of Rule 65(d)." *See* Trial Opinion 28. Indeed, as the Trial Opinion recited, the VDOC Officials "did not advance their present contention that the flaw with enforcement via contempt is the [Approval Order's] extrinsic reference to the Settlement Agreement." *Id.* The court nevertheless concluded that it was "bound by the Fourth Circuit's clear statements" that Rule 65(d) "is mandatory," and thus that the court could not "enforce the Settlement Agreement through contempt." *Id.* at 29 (citing *CPC*, 214 F.3d at 459; *Thomas v. Brock*, 810 F.3d 448, 450 (4th Cir. 1987); *Alberti v. Cruise*, 383 F.2d 268, 272 (4th Cir. 1967)).

Even though the district court accepted the proposition that it could not enforce the Settlement Agreement by way of contempt, the court was satisfied that it could enforce the Agreement under breach of contract principles. The Trial Opinion thus concluded that the Agreement and the Approval Order gave the court continuing jurisdiction to ensure implementation and enforcement of the Agreement. The court then ruled that the VDOC Officials had failed to comply with their obligations under the Eighth Amendment and the Agreement.

In support thereof, the court explained that the "record show[ed] that VDOC's and [the Fluvanna Correctional Center's] *own officials*, had — by their *own admission* — actual knowledge that [the Center] was not complying with parts of the Settlement Agreement." *See* Trial Opinion 33 (emphasis in original). For example, the court found, among other violations, that "[t]he record overwhelmingly demonstrate[d] that nurse staffing at [the

7

Center] ha[d] been insufficient," *id.*, that the VDOC Officials had breached the Agreement's standards about emergency care and equipment, *id.* at 35, and that the VDOC Officials had failed to provide and make available essential medical equipment, *id.* at 36. Predicated on those findings, the court issued the Injunction that is challenged by the plaintiffs in this appeal. The Injunction requires the VDOC Officials to implement specific steps — including, for example, having an essential number of full-time nurses on staff and ensuring that the nurses are adequately trained — in order to comply with the Agreement.[3]

### III.

We review de novo a contention that an injunction fails to comply with Rule 65(d). *See Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226-27 (4th Cir. 2019). A district court's ruling on a civil contempt request, however, is reviewed for abuse of discretion. *See JTH Tax, Inc. v. H&R Block E. Tax Servs.*, 359 F.3d 699, 705 (4th Cir. 2004).

---

[3] The Injunction entered on May 22, 2019, made minor modifications to the earlier version thereof. Because the plaintiffs are not entirely satisfied with the provisions of the Injunction, they have continued to pursue their appeal. The plaintiffs mention, for example, that "the specter of a contempt order and the coercive sanctions such order might entail should provide a powerful incentive to the [VDOC Officials] for achieving compliance that the lesser stigma of a breach of contract finding may not provide." *See* Reply Br. 10; *see also id.* at 9 ("[T]he district court's imposition of a finding of contempt against the VDOC [Officials] would provide the [plaintiffs] with meaningful prospective relief in the context of such further enforcement proceedings as are presently ongoing or may prove necessary going forward.").

IV.

Notwithstanding the fact that the plaintiffs substantially prevailed in the bench trial conducted in the district court, and notwithstanding the fact that the VDOC Officials have now abandoned their appeal, the plaintiffs pursue this appeal to our Court and challenge the Injunction and the district court's failure to find the VDOC Officials in contempt. In support, they maintain that the VDOC Officials forfeited their Rule 65(d) defense and that the court erred by requiring strict compliance with Rule 65(d).

Applying the foregoing legal principles to the issues presented, we have thoroughly assessed the record and the contentions of the parties. After doing so, we are satisfied that the district court did not fatally err in any way, and that it did not abuse its discretion in any respect, in disposing of the issues before it.[4] Indeed, the capable and astute district judge that handled these proceedings did so in a characteristically patient and thorough manner. The Trial Opinion is well-reasoned and carefully crafted, and we are satisfied to resolve this appeal by adopting the reasoning embodied in that Opinion and in the

---

[4] We have doubts at the threshold about whether the Approval Order was an "order granting an injunction," such that Rule 65(d) even applies. *See Int'l Longshoremen's Ass'n, Loc. 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 75 (1967). But regardless of Rule 65(d)'s relevance, the district court correctly concluded that contempt was unavailable for want of a valid court order. *See In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) ("Civil contempt is an appropriate sanction if we can point to an order . . . which sets forth in specific detail an unequivocal command which a party has violated." (internal quotation marks omitted)).

Injunction.  Put succinctly, we reject the challenges being pursued by the plaintiffs and affirm the judgment of the district court.

*AFFIRMED*